1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Sheryl L. Skibbe (SBN 199441)
3  sskibbe@seyfarth.com
   Casey J.T. McCoy (SBN 229106)
4  cjtmccoy@seyfarth.com
   Maya Harel (SBN 291990)
5  mharel@seyfarth.com
   2029 Century Park East, Suite 3500
6  Los Angeles, California 90067-3021
   Telephone:     (310) 277-7200
7  Facsimile:     (310) 201-5219

8  Attorneys for Defendant
   NIKE RETAIL SERVICES, INC.

9

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated, | Case No. 5:14-cv-1508 |
| 15 | **DEFENDANT NIKE RETAIL** |
| Plaintiff, | **SERVICES, INC.'S NOTICE OF** |
| 16 | **REMOVAL OF CIVIL ACTION TO** |
| v. | **THE UNITED STATES DISTRICT** |
| 17 | **COURT** |
| 18  NIKE RETAIL SERVICES, INC., an Oregon corporation, and DOES 1 through 50, inclusive, | **[28 U.S.C. §§ 1332(d), 1446, 1453]** |
| 19 | |
| 20  Defendants. | Complaint Filed:     February 25, 2014 |

21         **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

22  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF ISAAC RODRIGUEZ AND HIS**

23  **COUNSEL OF RECORD:**

24         **PLEASE TAKE NOTICE** that Defendant NIKE Retail Services, Inc. ("Nike" or

25  "Defendant") files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446,

26  asserting original federal jurisdiction under 28 U.S.C. sections 1332(d)(2) and 1453, to effect the

27  removal of the above-captioned action, which was originally commenced in the Superior Court

28

---

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

of the State of California in and for the County of Santa Clara, to the United States District Court for the Northern District of California.  This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## BACKGROUND

1.      On February 25, 2014, Plaintiff Isaac Rodriguez filed a class action complaint in the Superior Court of California for the County of Santa Clara, titled *Isaac Rodriguez v. Nike Retail Services, Inc.; and DOES 1 through 50, inclusive,* Case No. 114-CV-261232 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      The Complaint asserts causes of action against all Defendants for:  (1) unpaid minimum wages; (2) unpaid overtime wages; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) violations of Labor Code section 226; and (6) unfair business practices (violation of Business and Professions Code section 17200 et seq.).  The Complaint also asserts a claim for waiting time penalties under Labor Code section 203.

3.      The Complaint seeks to certify a class of "all current and former non-exempt retail store employees of DEFENDANTS [*sic*] who worked in California during the period from February 25, 2010 to the present."  (Ex. A, Compl. ¶ 17.)

4.      Nike was served with the Summons and Complaint and accompanying documents on February 28, 2014.  The Summons and Complaint was served with a "Civil Lawsuit Notice" setting a Case Management Conference for July 11, 2014.  True and correct copies of the (1) Summons, (2) Civil Case Cover Sheet, (3) Civil Lawsuit Notice,  (4) Guidelines and Protocols for Complex Civil Litigation Department, and (5) Service of Process Summary Transmittal Form is attached hereto as **Exhibit B**.

5.      On March 11, 2014, Defendant was served with a Notice of Order Deeming Case Complex.  A true and correct copy of the Notice of Order Deeming Case Complex and Exhibit A thereto (Order Deeming Case Complex and Staying Discovery) are attached hereto as **Exhibit C**.

6.      Defendant filed its Answer to the Complaint on April 1, 2014.  A true and correct copy of the Answer is attached hereto as **Exhibit D**. Defendant has not filed any other pleadings or papers in this action prior to this Notice of Removal.

7.      The exhibits listed above constitute all prior pleadings, process, and orders filed with the court in this matter.

## TIMELINESS OF REMOVAL

8.      This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by Nike of a copy of the Summons and Complaint in this action.  28 U.S.C. §  1446(b).

## ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT

9.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 332(d)(5)(B); (Declaration of Steven Nelson in Support of Defendant's Notice of Removal ("Nelson Decl."), ¶ 4.)

### Diverse Citizenship of the Parties

10.      CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state that is different from the state of citizenship of the Defendant.

11.      **Plaintiff's Citizenship.**  For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Citizenship is determined by the

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12.     Plaintiff was domiciled in California while he worked for Defendant at a Nike retail store located in Santa Clara County from November 14, 2011 to December 30, 2012. (Declaration of Brian Morris in Support of Defendant's Notice of Removal ("Morris Decl."), ¶¶ 3-4.)  Plaintiff provided Defendant with his home address during the course of his employment for purposes of his personnel file, payroll checks, state payroll, and tax withholdings.  (Morris Decl., ¶ 4.)  Nike requires employees to keep their contact information current while they are employed.  Plaintiff's last known address is located in Santa Clara County, California.  (*Id.*)  A public records search for Plaintiff's current address also reveals that he resides in Santa Clara County.  (*Id.*)  Plaintiff's intent to remain domiciled in California is evident from the fact that, although Plaintiff has taken the position that Nike owes him unpaid wages, neither Plaintiff nor his counsel has provided Nike a non-California address to send allegedly unpaid wages. Additionally, Plaintiff brought his lawsuit against Nike in Santa Clara Superior Court. Therefore, Plaintiff was at all relevant time, and still is, a citizen and resident of the State of California.

13.     **Defendant's Citizenship.**  Pursuant to 28 U.S.C. section 1332(c)(1), "for purposes of this subsection and section 1453 [28 U.S.C. § 1453], [a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  To determine a corporation's principal place of business for diversity purposes the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are made, and where primary corporate functions are based.  *See Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters

4

1    were located, where the corporate officers worked, and from where corporate policies and

2    procedures were made).

3        14.    Nike is now, and ever since this action commenced has been, incorporated under

4    the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon.

5    (Declaration of Evan S. Reynolds in Support of Defendant's Notice of Removal ("Reynolds

6    Decl."), ¶ 3.)  Beaverton, Oregon is the site of Nike's corporate headquarters and executive

7    offices, where its high level officers direct, control, and coordinate Nike's activities.  (Reynolds

8    Decl., ¶ 4.)  Furthermore, many of Nike's executive and administrative functions, including

9    corporate financing and accounting, are directed from Beaverton, Oregon.  (Reynolds Decl., ¶ 5.)

10   Accordingly, Nike's principal place of business is Beaverton, Oregon under the "nerve center"

11   test. *See Hertz Corp.*, 130 S. Ct. at 1192.

12       15.    Therefore, for diversity of citizenship purposes, Nike is, and has been at all times

13   since this action commenced, a citizen of the State of Oregon. 28 U.S.C. § 1332(c)(1).

14       16.    **Doe Defendants.**  The presence of Doe defendants in this case has no bearing on

15   diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this

16   chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe*

17   *v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

18   required to join in a removal petition); *see Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th

19   Cir. 2002).  Thus, the existence of Doe defendants one through fifty does not deprive this Court

20   of jurisdiction. *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied

21   in CAFA removal).

**Amount in Controversy**

23       17.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of

24   interest and costs. 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members

25   in a class action are aggregated to determine if the amount in controversy exceeds the sum or

26   value of $5,000,000. 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal

27   jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds

28

5

$5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

18.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  The Complaint seeks relief on behalf of "all current and former non-exempt retail store employees of DEFENDANTS [*sic*] who worked in California during the period from February 25, 2010 to the present."  (Ex. A, Compl. ¶ 17.)  During the time period identified in the Complaint, Nike employed approximately 6,242 non-exempt retail store employees in California.  (Nelson Decl., ¶ 4.)  The average hourly rate of pay for these individuals is approximately $10.09 per hour during the proposed class period.  (Nelson Decl., ¶ 6.)

19.    Plaintiff alleges that he and the putative class he seeks to represent were subject to mandatory security checks after clocking out "upon completion of *each work shift*, or upon leaving the store for his/her meal and/or rest break."  (Ex. A, Compl. ¶ 24; emphasis added.)  Plaintiff further alleges that he and the other putative class members were not compensated for the time they allegedly were required to "wait to be 'checked' . . . before being fully released from work."  (*Id.*)  Therefore, Plaintiff claims that as a result of the purported "security checks," he and other putative class members were "not paid for all minimum and overtime wages for

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

waiting to be checked out, and [were] not provided a full 30 minutes and a full 10 minutes to take [their] meal and rest breaks." (*Id.*)

20.     Plaintiff seeks to recover on behalf of the alleged class unpaid wages and penalties for Defendant's alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to provide accurate and complete itemized wage statements, and unfair business practices. (Ex. A, Compl. Prayer for Relief.) Plaintiff further alleges that Defendant failed to timely pay Plaintiff and other putative class members who have separated from employment all minimum and overtime wages and all meal and rest period premiums allegedly owed to them upon separation. (Ex. A, Compl. ¶¶ 35, 41, 47, 53.) Plaintiff alleges that he and the separated employees in the putative class are entitled to "a continued payment of wages up to thirty (30) days from the time the wages were due" under Labor Code section 203. (*Id.*) Plaintiff seeks attorneys' fees on all causes of action. (Ex. A, Compl. Prayer for Relief.)

21.     As set forth below, the amount in controversy implicated by the class-wide allegations exceeds $5,000,000. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.** When the amount in controversy is not apparent from the face of the Complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Abrego.*, 443 F.3d at 682-83.

22.     **Labor Code § 203.** Labor Code section 203(a) provides that, "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid. However, Labor Code section 203(a) provides that such wages "shall not continue for more than 30 days."

23.     The alleged limitations period for potential claims under Labor Code section 203 would be from February 25, 2011 (three years before the Complaint was filed) to the present.

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

From February 25, 2011 to the present, there are approximately 2,638 former non-exempt retail store employees who worked for Nike in California.  (Nelson Decl., ¶ 5.)

24.     Of those 2,638 former employees, 1,255 were full-time employees at Nike and the remaining 1,383 were part-time employees.  (Nelson Decl., ¶ 5.)  Assuming that the part-time employees are owed 4 hours of pay per day for the maximum penalty of 30 days' wages and the full-time employees are owed 8 hours of pay per day for the maximum penalty of 30 days' wages, the alleged amount in controversy for just the claim for waiting time penalties would be **$4,713,644.40** [(1,383 part-time employees x 4 hours per day x 30 days x $10.09 per hour) + (1,255 full-time employees x 8 hours per day x 30 days x $10.09 per hour)].

25.     **Labor Code § 226(e).**  The Complaint also alleges that Defendant failed to provide the putative class with accurate itemized wage statements, in violation of California Labor Code section 226 (Complaint ¶¶ 56-58.)  Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code section 226 is one year.  Cal. Civ. Proc. Code § 340(a).

26.     Nike pays its non-exempt employees every two weeks.  (Nelson Decl., ¶ 7.) Accordingly, there are approximately 26 pay periods per year.  (*Id.*)

27.     Based on Plaintiff's allegations that he and the putative class he seeks to represent were subject to mandatory "uncompensated" security checks after clocking out "upon completion of *each work shift*," Plaintiff alleges that he and the putative class were deprived of an accurate wage statement each pay period.[1]

28.     During the statute of limitations period for the wage statement claim, 4,133 putative class members worked approximately 78,250 pay periods.  (Nelson Decl., ¶ 8.)  Thus, the amount in controversy on this claim would equal **$7,618,350** [($50 for the initial pay period x 4,133 initial pay periods) + ($100 x 74,117 remaining pay periods)].

---

[1] Plaintiff also alleges that "as a matter of *policy and practice*, [Defendant] did not provide accurate records in violation of Labor Code [section] 226," (Complaint ¶ 57; emphasis added.),

8

29.     Although Defendant denies Plaintiff's allegations or that he or the putative class are entitled to any relief, based solely on the forgoing calculations for waiting time penalties and wage statement penalties, the aggregate amount in controversy for the putative class, exclusive of attorneys' fees, is **$12,331,994.40**.  Accordingly, Plaintiff's claims for waiting time penalties and wage statements alone exceed the amount in controversy required under CAFA.  When considering Plaintiff's claims for unpaid minimum wage compensation, unpaid overtime compensation, and unpaid meal and rest period compensation, the amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

30.     **Unpaid Minimum Wage Compensation.**  Plaintiff alleges that he and the putative class he seeks to represent were subject to mandatory security checks after clocking out "upon completion of *each work shift*, or upon leaving the store for his/her meal and/or rest break."  (Ex. A, Compl. ¶ 24; emphasis added.)  Plaintiff further alleges that Defendant failed to pay Plaintiff and putative class members minimum wage for time they allegedly spent waiting to be checked by a manager or supervisor before they were released from work and claims unpaid time for the putative class from February 25, 2010 to the present.  (Complaint ¶¶ 32-36.)

31.     As stated above, there are approximately 6,242 individuals who are current or former non-exempt retail store employees of Nike in California during the time period identified in the Complaint.  (Nelson Decl., ¶ 4.)  Together, the 6,242 individuals have worked a total of approximately 393,969 workweeks at Nike.  (*Id.*)

32.     Minimum wage for the putative class period was $8/hour.  Based on an estimate of 15 minutes of unpaid minimum wage per workweek for each member of the putative class, the amount in controversy for this claim would be **$787,938** [($8 per hour) x (1/4 of an hour) x (393,969 workweeks)].

33.     **Unpaid Overtime Compensation.**  Plaintiff claims that, based on the time spent in alleged mandatory security checks "upon completion of *each work shift*, or upon leaving the store for his/her meal and/or rest break," he and the putative class *regularly* worked more than 8 hours per day without receiving overtime compensation, and claims unpaid overtime

9

compensation for the putative class from February 25, 2010 to the present for the time allegedly spent "waiting to be checked out."  (Complaint ¶¶ 24, 38-42; emphasis added.)

34.     Taking into account that some putative class members might not have worked overtime every workweek, the amount in controversy for this claim based on an estimate of 15 minutes of unpaid overtime compensation per workweek for only half of the total workweeks worked by the putative class would be **$745,340.10** [($10.09 per hour x 1.5) x (1/4 of an hour) x (393,969 workweeks / 2)].

35.     **Unpaid Meal/Rest Break Compensation.**  Plaintiff claims that Defendant "regularly required Plaintiff and other members of [the] Class to further wait and to be checkout out by a manager/supervisor before being allowed to leave the employer's premises." (Complaint ¶ 51.)  Plaintiff alleges that time spent waiting to be checked by a manger or supervisor before being released "prevented Plaintiff and Class Members from taking a full 30 minutes for their meal breaks" or "a full 10 minutes for their rest breaks."  (Complaint ¶¶ 45, 51.) Plaintiff seeks separate payments for 1) denial of meal periods and 2) denial of rest breaks (Complaint ¶¶ 48, 54).  The money owed for a missed meal period or rest break is one hour of pay.  Plaintiff alleges the putative class is entitled to "meal break premiums" for each meal period missed and "rest break premiums" for each rest period missed.  Ex. A, Prayer for Relief.

36.     Based on these allegations, the amount in controversy on Plaintiff's meal and rest period claims for just one missed rest period or one missed meal period per week is **$3,975,147.21** [($10.09 per hour) x (393,969 workweeks)].

37.     Although Defendant denies Plaintiff's allegations or that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is **$17,840,419.71**.  This amount far exceeds the $5,000,000 amount in controversy required under CAFA.

38.     **Attorneys' Fees.** Plaintiff also seeks attorneys' fees.  (Ex. A, Compl. Prayer for Relief.)  A reasonable estimate of fees likely to be recovered may be used in calculating the

10

amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at \*9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at \*15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

39.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at \*78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at \*16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund). Even under the conservative benchmark of 25 percent of the total recovery, attorneys' fees on the claim for waiting time penalties alone could be as high as **$1,288,080.10**.

40.     Because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

41. To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## VENUE AND INTRADISTRICT ASSIGNMENT

42. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1441, 1446(a) and 84(a). This action originally was brought in the Superior Court of the State of California, County of Santa Clara. As discussed above, Plaintiff Isaac Rodriguez is a resident of California residing in Santa Clara County. The County of Santa Clara is located within the jurisdiction of the United States District Court, Northern District of California, San Jose Division.

## NOTICE OF REMOVAL

43. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

WHEREFORE, Defendant prays that the above action now pending before the Superior Court of the State of California for the County of Santa Clara be removed to the United States District Court for the Northern District of California.

DATED: April 1, 2014

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Casey J.T. McCoy
    Jon D. Meer
    Sheryl L. Skibbe
    Casey J.T. McCoy
    Maya Harel

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

12

# EXHIBIT A

Larry W. Lee (State Bar No. 228175)
Daniel H. Chang (State Bar No. 183803)
**DIVERSITY LAW GROUP, P.C.**
550 South Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
**POLARIS LAW GROUP**
501 San Benito St., Suite 200
Hollister, California 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiff and the Class

ENDORSED

2014 FEB 25   A 2:00

David H. Yamasaki ... Executive Officer
County of Santa Clara
By ... T. Gagliardi

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated, | CASE NO. 1 1 4 C V 2 6 1 2 3 2 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 201 through 204, 226, 226.7, 510, 1194 and 1197** |
| v. | |
| NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | **DEMAND OVER $25,000.00** |

CLASS ACTION COMPLAINT FOR DAMAGES

1        Plaintiff ISAAC RODRIGUEZ ("Plaintiff") hereby submits this Class Action Complaint

2   against Defendant NIKE RETAIL SERVICES, INC. ("NIKE" or "Defendant") and DOES 1

3   through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the

4   class of all other similarly situated former employees of Defendants for all damages and injuries

5   arising from Defendants' violation of the California Labor Code, including without limitation,

6   Labor Code §§ 201-204, 226, 226.7, 510, 1194, and 1197 as follows:

7                   **INTRODUCTION**

8       1.     This class action is within the Court's jurisdiction under California Labor Code §§

9   201-204, 226, 226.7, 510, 1194, 1197, and the applicable Wage Orders of the California

10  Industrial Welfare Commission ("IWC").

11      2.     This complaint challenges systemic illegal employment practices resulting in

12  violations of the California Labor Code against individuals who worked for Defendants.

13      3.     Plaintiff is informed and believes, and based thereon alleges, that Defendants,

14  jointly and severally, have acted intentionally and with deliberate indifference and conscious

15  disregard to the rights of all employees in receiving all wages due, all minimum and overtime

16  wages for unpaid wait/check-out time, meal and rest break premiums, in timely receiving all

17  wages owed to Plaintiff and Class Members upon their separation of employment from

18  Defendants, and receiving proper and accurate itemized wage statements.

19      4.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have

20  engaged in, among other things a system of willful violations of the California Labor Code by

21  creating and maintaining policies, practices and customs that knowingly deny employees the

22  above stated rights and benefits.

23      5.     The policies, practices and customs of defendants described above and below have

24  resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

25  routinely adhere to the strictures of the California Labor Code.

26              **JURISDICTION AND VENUE**

27      6.     The Court has jurisdiction over the violations of the California Labor Code §§

28  201-204, 226, 226.7, 510, 1194, and 1197.

1

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

7.     Venue is proper in Santa Clara County because Defendants do business in California, including in the County of Santa Clara.

**PARTIES**

8.     Plaintiff was employed by Defendants until his employment was terminated in or around January 2012.  Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California Labor Code, including without limitation, §§ 201-204, 226, 226.7, 510, 1194, and 1197.

9.     Plaintiff is informed and believes, and based thereon alleges, that NIKE was and is an Oregon corporation with numerous retail stores located in the State of California.  NIKE does business throughout the State of California, including in the County of Santa Clara.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-204, 226, 226.7, 510, 1194, and 1197.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other

2

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

2  within the course and scope of said agency and employment.

3      14.    Plaintiff is informed and believes, and based thereon alleges, that at all times

4  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

5  joint venturer of, or working in concert with each of the other co-Defendants and was acting

6  within the course and scope of such agency, employment, joint venture, or concerted activity.  To

7  the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

8  remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

9  Defendants.

10      15.    At all times herein mentioned, Defendants, and each of them, were members of,

11  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

12  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13      16.    At all times herein mentioned, the acts and omissions of various Defendants, and

14  each of them, concurred and contributed to the various acts and omissions of each and all of the

15  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

16  herein mentioned, Defendants, and each of them, ratified each and every act or omission

17  complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and

18  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

19  damages as herein alleged.

20  **CLASS ACTION ALLEGATIONS**

21      17.    **Definition:**  The named individual Plaintiffs seek class certification, pursuant to

22  California Code of Civil Procedure § 382, of a class of all current and former non-exempt retail

23  store employees of DEFENDANTS who worked in California during the period from February

24  25, 2010 to the present.

25      18.    Plaintiff further reserves the right to amend the class definition upon further

26  discovery.

27      19.    **Numerosity and Ascertainability:**  The members of the Classes and sub-classes

28  are so numerous that joinder of all members would be impractical, if not impossible.  The identity

3

CLASS ACTION COMPLAINT FOR DAMAGES

1   of the members of the Classes and sub-classes are readily ascertainable by review of Defendants'

2   records, including payroll records. Plaintiff is informed and believes, and based thereon alleges,

3   that Defendants: (a) failed to pay to Plaintiff and the Class all minimum and overtime wages

4   owed; (b) failed to pay meal and rest period premiums; (c) violated Labor Code § 226(a) by

5   failing to provide accurate and complete itemized wage statements; and (d) engaged in Unfair

6   Business Practices.

7        20.   **Adequacy of Representation:** The named Plaintiff is fully prepared to take all

8   necessary steps to represent fairly and adequately the interests of the class defined above.

9   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

10   individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions

11   in the past and currently have a number of wage-and-hour class actions pending in California

12   courts.

13        21.   Defendants uniformly administered a corporate policy, practice of: (a) failing to

14   pay to Plaintiff and the Class all minimum and overtime wages owed; (b) failing to pay meal and

15   rest period premiums; (c) violating Labor Code § 226(a) by failing to provide accurate and

16   complete itemized wage statements; and (d) engaging in Unfair Business Practices.

17        22.   Plaintiff is informed and believes, and based thereon alleges, that this corporate

18   conduct is accomplished with the advance knowledge and designed intent to willfully and

19   intentionally fail to comply with the alleged Labor Codes.

20        23.   **Common Question of Law and Fact:** There are predominant common questions

21   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

22   concerning Defendant's policy and practice of: (a) failing to pay to Plaintiff and the Class all

23   minimum and overtime wages owed; (b) failing to pay meal and rest period premiums; (c)

24   violating Labor Code § 226(a) by failing to provide accurate and complete itemized wage

25   statements; and (d) engaging in Unfair Business Practices.

26        24.   **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

27   Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical

28   manner as the Class members. Plaintiff is a former employee of Defendants. During his

4

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  employment, upon the completion of each work shift, or upon leaving the store for his/her meal

2  and/or rest break, Plaintiffs and other Class Members were required to clock out. However, after

3  clocking out and recording their end time, or upon starting his their paid rest breaks, Plaintiffs and

4  other Class Members were required to further wait and be "checked" and/or patted down by a

5  supervisor/manager before being fully released from work. Such wait time was not compensated.

6  As a result, Plaintiff was not paid for all minimum and overtime wages for waiting to be checked

7  out, and was not provided a full 30 minutes and a full 10 minutes to take his meal and rest breaks

8  without the payment of meal and rest period premiums. Accordingly, Plaintiff is a victim of

9  Defendants' violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, and 1197.

10      25.    The California Labor Code and upon which Plaintiff bases his claims are broadly

11  remedial in nature. These laws and labor standards serve an important public interest in

12  establishing minimum working conditions and standards in California. These laws and labor

13  standards protect the average working employee from exploitation by employers who may seek to

14  take advantage of superior economic and bargaining power in setting onerous terms and

15  conditions of employment.

16      26.    The nature of this action and the format of laws available to Plaintiff and members

17  of the Class identified herein make the class action format a particularly efficient and appropriate

18  procedure to redress the wrongs alleged herein. If each employee were required to file an

19  individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

20  since it would be able to exploit and overwhelm the limited resources of each individual plaintiff

21  with their vastly superior financial and legal resources. Requiring each Class member to pursue

22  an individual remedy would also discourage the assertion of lawful claims by employees who

23  would be disinclined to file an action against their former and/or current employer for real and

24  justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25      27.    The prosecution of separate actions by the individual class members, even if

26  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

27  to individual Class members against the Defendants and which would establish potentially

28  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  individual Class members which would, as a practical matter, be dispositive of the interest of the

2  other Class members not parties to the adjudications or which would substantially impair or

3  impede the ability of the Class members to protect their interests.  Further, the claims of the

4  individual members of the Class are not sufficiently large to warrant vigorous individual

5  prosecution considering all of the concomitant costs and expenses.

6      28.   Such a pattern, practice and uniform administration of corporate policy regarding

7  illegal employee compensation described herein is unlawful and creates an entitlement to

8  recovery by Plaintiff and the Class identified herein, in a civil action, for applicable penalties,

9  reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code

10  §§ 201-204, 226, 226.7, 510, 1194, and 1197, 218.5, and Code of Civil Procedure § 1021.5.

11     29.   Proof of a common business practice or factual pattern, which the named Plaintiff

12  experienced and is representative of, will establish the right of each of the members of the

13  Plaintiff Class to recovery on the causes of action alleged herein.

14     30.   The Plaintiff Class is commonly entitled to a specific fund with respect to the

15  compensation illegally and unfairly retained by Defendants.  The Plaintiff Class is commonly

16  entitled to restitution of those funds being improperly withheld by Defendants.  This action is

17  brought for the benefit of the entire class and will result in the creation of a common fund.

18                    **FIRST CAUSE OF ACTION**

19                  **FOR UNPAID MINIMUM WAGES**

20  **(AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)**

21
22     31.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as

     though fully set for herein.

23     32.   At all times relevant herein, DEFENDANTS were required to compensate their

24  non-exempt employees minimum wages for all hours worked.

25     33.   As a pattern and practice, DEFENDANTS regularly required Plaintiff and other

26  members of Class to clock out upon the end of his/her work shift or upon the start of their meal

27  breaks.  However, upon clocking out, said employees are not allowed to be released from work.

28

                                6

                    CLASS ACTION COMPLAINT FOR DAMAGES

1    Rather, such employees were required to further wait and to be checked out by a

2    manager/supervisor.  It was only after being checked out by a manager/supervisor, were such

3    employees released and allowed to be off work.  Such "check out" time was not recorded and was

4    not counted as hours worked for purposes of payment of wages.

5          34.    As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and

6    other members of Class proper minimum wages as a result of such violations.

7          35.    Plaintiff is informed and believes and based thereon alleges DEFENDANTS

8    willfully failed to pay employees all minimum wages.  Plaintiff is informed and believes and

9    based thereon alleges DEFENDANTS' willful failure to provide all minimum wages due and

10    owing them upon separation from employment results in a continued payment of wages up to

11    thirty (30) days from the time the wages were due.  Therefore, all members of the Class who have

12    separated from employment are entitled to compensation pursuant to Labor Code § 203.

13          36.    Such a pattern, practice and uniform administration of corporate policy regarding

14    illegal employee compensation as described herein is unlawful and creates an entitlement to

15    recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of minimum

16    wages owing, including interest thereon, applicable penalties, attorneys fees, and costs of suit.

## SECOND CAUSE OF ACTION

### FOR UNPAID OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)

20          37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as

21    though fully set for herein.

22          38.    At all times relevant herein, DEFENDANTS were required to compensate their

23    non-exempt employees overtime wages for all overtime hours worked.

24          39.    As a pattern and practice, DEFENDANTS regularly required Plaintiff and other

25    members of Class to clock out upon the end of his/her work shift or upon the start of their meal

26    breaks.  However, upon clocking out, said employees are not allowed to be released from work.

27    Rather, such employees were required to further wait and to be checked out by a

28    manager/supervisor.  It was only after being checked out by a manager/supervisor, were such

7

CLASS ACTION COMPLAINT FOR DAMAGES

1    employees released and allowed to be off work. Such "check out" time was not recorded and was

2    not counted as hours worked for purposes of payment of wages.

3        40.     As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and

4    other members of Class proper overtime wages as a result of such violations.

5        41.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS

6    willfully failed to pay employees all overtime wages. Plaintiff is informed and believes and

7    based thereon alleges DEFENDANTS' willful failure to provide all overtime wages due and

8    owing them upon separation from employment results in a continued payment of wages up to

9    thirty (30) days from the time the wages were due. Therefore, all members of the Class who have

10    separated from employment are entitled to compensation pursuant to Labor Code § 203.

11        42.     Such a pattern, practice and uniform administration of corporate policy regarding

12    illegal employee compensation as described herein is unlawful and creates an entitlement to

13    recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime wages

14    owing, including interest thereon, applicable penalties, attorneys fees, and costs of suit.

15                            **THIRD CAUSE OF ACTION**

16                **FOR FAILURE TO PROVIDE MEAL BREAKS**

17    **(AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)**

18        43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as

19    though fully set for herein.

20        44.     At all times relevant herein, DEFENDANTS were required to provide their non-

21    exempt employees with a full 30 minute to take their meal breaks.

22        45.     As a pattern and practice, DEFENDANTS regularly required Plaintiff and other

23    members of Class to clock out upon the start of their meal breaks. However, upon clocking out,

24    said employees are not allowed to be released from work and take their meal break. Rather, such

25    employees were required to further wait and to be checked out by a manager/supervisor. It was

26    only after being checked out by a manager/supervisor, were such employees released and allowed

27    to take their meal break. Such "check out" time prevented Plaintiff and Class Members from

28    taking a full 30 minutes for their meal breaks.

8

46.     As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and other members of Class proper meal break premiums as a result of such violations.

47.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees all meal period premiums.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all meal period premiums due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, all members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of meal period premiums owing, including interest thereon, applicable penalties, attorneys' fees, and costs of suit.

## FOURTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE REST BREAKS

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

50.     At all times relevant herein, DEFENDANTS were required to provide their non-exempt employees with a full 10 uninterrupted minutes to take their rest breaks.

51.     As a pattern and practice, upon the start of their rest breaks, DEFENDANTS regularly required Plaintiff and other members of Class to further wait and to be checked out by a manager/supervisor before being allowed to leave the employer's premises.  It was only after being checked out by a manager/supervisor, were such employees released and allowed to take their rest break.  Such "check out" time prevented Plaintiff and Class Members from taking a full 10 minutes for their rest breaks.

52.     As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and other members of Class proper rest break premiums as a result of such violations.

9

53.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees all rest period premiums.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all rest period premiums due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, all members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

54.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of rest period premiums owing, including interest thereon, applicable penalties, attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set for herein.

56.     Defendants, as a matter of policy and practice, did not maintain or provide accurate records in violation of Labor Code § 226.

57.     As a result of the alleged minimum and overtime wage violations, as well as the meal and rest break violations, DEFENDANTS failed to provide accurate wage statements reflecting the accurate total number of hours worked and the total/gross pay of Plaintiffs and the Class Members.  DEFENDANTS, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226.

58.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the

10

1    mandate of California Labor Code § 226.

2                          ### SIXTH CAUSE OF ACTION

3    **FOR VIOLATIONS OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 ET SEQ.**

4    **(AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)**

5              59.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as

6    though fully set for herein.

7              60.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair

8    and unlawful business practices in California by practicing, employing and utilizing the

9    employment practices outlined above, include, to wit, by failing to (a) pay all minimum and

10   overtime wages, and (b) provide meal and rest breaks.

11             61.    DEFENDANTS' utilization of such unfair and unlawful business practices

12   constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS'

13   competitors.

14             62.    Plaintiff seeks, on his own behalf, on behalf of other members of the class

15   similarly situated, full restitution of monies, as necessary and according to proof, to restore any

16   and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair

17   practices complained of herein.

18             63.    Plaintiff is informed and believes and based thereon alleges that at all times herein

19   mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as

20   proscribed by California <u>Business and Professions Code</u> § 17200 et seq., including those set forth

21   herein above thereby depriving Plaintiff and other members of the class the minimum working

22   condition standards and conditions due to them under the California laws and Industrial Welfare

23   Commission wage orders as specifically described therein.

24                             ### PRAYER FOR RELIEF

25        1.    For an order certifying the proposed classes;

26        2.    For an order appointing Plaintiff as the representative of the classes as described

27   herein;

28        3.    For an order appointing Counsel for Plaintiff as class counsel;

                                    11

1    4.    Upon the First Cause of Action, for all minimum wages owed and for waiting time

2    penalties according to proof pursuant to California Labor Code § 203;

3    5.    Upon the Second Cause of Action, for all overtime wages owed and for waiting

4    time penalties according to proof pursuant to California Labor Code § 203;

5    6.    Upon the Third Cause of Action, for all meal break premiums owed and for

6    waiting time penalties according to proof pursuant to California Labor Code § 203;

7    7.    Upon the Fourth Cause of Action, for all rest break premiums owed and for

8    waiting time penalties according to proof pursuant to California Labor Code § 203;

9    8.    Upon the Fifth Cause of Action, for damages and/or penalties pursuant to statute

10   as set forth in Labor Code § 226, and for costs and attorneys' fees, including pursuant to Labor

11   Code § 226 and California Code of Civil Procedure § 1021.5;

12   9.    Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly

13   effected members of the general public of all funds unlawfully acquired by Defendants by means

14   of any acts or practices declared by this Court to be in violation of Business and Professions Code

15   § 17200 et seq.; and

16   10.   On all causes of action for attorneys' fees and costs and for such other and further

17   relief the Court may deem just and proper.

18

19   Dated: February 25, 2014            DIVERSITY LAW GROUP, P.C.

20

21                                       By: _____

22                                          LARRY W. LEE
                                            Attorneys for Plaintiff and the Class

23

24

25

26

27

28

12

**CLASS ACTION COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Class, hereby demands a jury trial as provided by California law.

DATED: February 25, 2014

DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Attorneys for PLAINTIFF and the CLASS

13

CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT B

B.50. 2.28.14.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISAAC RODRIGUEZ, as an individual and on behalf of all others
similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



ENDORSED

2014 FEB 25   A 2: 00

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
|---|---|
| *(El nombre y dirección de la corte es):* Santa Clara Superior Court | *(Número del Caso):* V 261232 |

191 N First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 550 S. Hope St., Suite 2655, Los Angeles, CA 90071 (213) 488-6555

| DATE: FEB 25 2014 | DAVID H. YAMASAKI | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | Chief Executive Officer/Clerk | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Nike Retail Services, Inc., an oregon Corporation

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Larry W. Lee (State Bar No. 228175)
Diversity Law Group
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Isaac Rodriguez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

**CASE NAME:**
Isaac Rodriguez v. Nike Retail Services, Inc.

FOR COURT USE ONLY

ENDORSED

2014 FEB 25  A 2:00

David H. Yamasaki Chief Executive Officer/Clerk
County of Santa Clara

**CASE NUMBER:**
1 4 C V 2 6   3 2

JUDGE: Gaglliardi
DEPT:

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 25, 2014

Larry W. Lee
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

1 1 ᴀᴛᴛᴀᴄʜᴍᴇɴᴛ CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. **You must file a written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. **You must serve by mail** a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. **You must attend the first Case Management Conference.**

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Peter Kirwan _____ *Department:* __1__

*The 1ˢᵗ CMC is scheduled for:* (Completed by Clerk of Court)
Date: 7-11-14 _____ Time: **10:00am** in Department: 1

*The next CMC is scheduled for:* (Completed by party if the 1ˢᵗ CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

---

**Complex Civil Guidelines**

---

## GUIDELINES AND PROTOCOLS

## COMPLEX CIVIL LITIGATION DEPARTMENT

Welcome to the Complex Civil Litigation Department of the Superior Court of California, County of Santa Clara. This is one of seven courts designated by the California Judicial Council where case management principles designed to reduce the time and expense normally associated with complex civil litigation cases are being employed.

Counsel's familiarity with the applicable *California Rules of Court, Local Rules – Superior Court of California, County of Santa Clara* and the *Deskbook on the Management of Complex Civil Litigation* is not only advisable, but expected. A copy of the *Deskbook* may be obtained by contacting LEXIS PUBLISHING at 1-800-833-9844.

In addition, familiarity with the following guidelines and protocols will answer common procedural questions and should assist you in litigating in this Department. *These Guidelines and Protocols are revised from previous versions and are Orders of the Court.[1] Your thoughts and suggestions are always welcome. Significant changes and practice highlights include:*

*This Department's website is now integrated into the Court's site, www.scscourt.org*

*The Court will normally issue tentative rulings on motions of all types and unless an objection is properly raised, the ruling will automatically become the Court's order the next day*

*Ex parte hearings are limited to two mornings per week and require advance reservation with the Coordinator*

*Letter briefs are not acceptable*

*No discovery motions until the parties have meaningfully met and conferred AND met with the Court for a face-to-face conference*

*The Court requires detailed JOINT pre-trial statements in advance of a pre-trial conference where counsel are expected to make concrete suggestions as to efficient trial management*

---

[1] Those cases that remain assigned to the Honorable Joseph H. Huber will follow those practices proscribed by that judge.

---

Page 1 of 21

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

### Complex Civil Guidelines

**PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES
WITH THE SUMMONS AND COMPLAINT.**

### TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | CONTACT INFORMATION | 3 |
| II. | INTRODUCTION | 3 |
| III. | COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE | 3 |
| IV. | GENERAL MATTERS | 5 |
| V. | EX PARTE APPLICATIONS | 5 |
| VI. | LAW AND MOTION | 6 |
| VII. | CASE MANAGEMENT CONFERENCES (CMC) AND OTHER CONF | 7 |
| VIII. | CASE MANAGEMENT AND REFERENCE ORDERS | 9 |
| IX. | MANDATORY SETTLEMENT CONFERENCES (MSC) | 9 |
| X. | MINI-TRIALS | 10 |
| XI. | PRE-TRIAL MEET AND CONFER | 10 |
| XII. | TRIALS - GENERALLY | 11 |
| XIII. | TRIAL EXHIBITS | 17 |

CV of Judge Kleinberg                                          19

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

<u>Revised July 28, 2011</u>

## Complex Civil Guidelines

I.   <u>CONTACT INFORMATION</u>

<u>Department 1C</u> – Downtown Superior Courthouse, 191 N 1st Street, San Jose, CA 95113, www.scscourt.org

| | | |
|---|---|---|
| Judge | Hon. James P. Kleinberg | 408-882-2110 |
| Courtroom Clerk | Paula Bastian | 408-882-2113 |
| Reporter | Joanne Martin | 408-882-2115 |
| Bailiff and Deputy Sheriff | Cesar Avalos | 408-882-2111 |
| Coordinator for Complex | Rowena Walker | 408-882-2286 |
| E-Filing Fax: | 408-882-2293 | |
| E-Filing Web Site: | http://www.scefiling.org | |

II.   <u>INTRODUCTION</u>

Complex cases suitable for assignment to the Complex Civil Litigation Department are defined in Rule 3.400, California Rules of Court ("Rules" or CRC).  Cases will be assigned to the Complex Civil Litigation Department by the Court's own motion, or on application of any of the parties, pursuant to the procedures specified in Rules 3.401-3.403 and Santa Clara County Local Civil Rule of Court 1(B).  Applications for complexity determination shall be heard in the Complex Civil Litigation Department.  It is within the Court's discretion to accept or reject a case for complex designation.

In general, cases assigned to the Complex Civil Litigation Department will be managed in accordance with the principles set forth in the Deskbook on the Management of Complex Civil Litigation ("Deskbook").

III.  <u>COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE</u>

1.  The Court expects civility and proper decorum at all times.  Witnesses and parties are to be addressed and referred to by their surnames.  COURTESY TOWARDS EVERYONE IN THE COURTROOM IS REQUIRED.  Advise all witnesses and parties to observe appropriate

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

### Complex Civil Guidelines

courtroom demeanor and punctuality.  The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.

2.  All pagers, cell phones and other audible electronic devices must be TURNED OFF while in the courtroom whether or not court is in session.

3.  Do not approach the clerk or reporter while court is session for any reason, or address the reporter with any request without permission of the Court.

4.  Objections, statements and arguments must be addressed to the Court rather than opposing counsel.  Counsel may speak from the lectern (if present) or the counsel table.  Counsel must stand when objecting or addressing the Court.  Counsel may approach any witnesses as necessary only with leave of Court.

5.  At the end of each day, counsel must clear work areas including the area in the rear of the courtroom.

6.  Use of the department's fax machine or telephone requires the Court's permission.

7.  It is counsel's responsibility to note the date and time set for any future hearing.  Hearing dates may be confirmed by contacting the Coordinator or referring to the online calendar available on the Court's website.

8.  Copy work is done by staff in the Records Unit.  Courtroom staff will not make copies at counsel's request unless directed to do so by the Court.  Copy work completed by courtroom staff is subject to the current per-page copy fee.

9.  If a peremptory challenge or challenge for cause is upheld, the case will be referred to the Civil Supervising Judge for reassignment.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

### IV. GENERAL MATTERS

1. The Court expects all counsel to maintain regular communication with each other regarding hearing dates, progress of the case, and settlement possibilities. A condition of remaining in the complex department is that counsel will behave toward all counsel and other participants with civility, courtesy and professionalism, both in and out of Court.

2. The Court believes in open discovery in accordance with the law, but expects counsel to refrain from engaging in excessive and abusive discovery. *See discussion of discovery below*

3. The Court will require written notice of all hearing dates and decisions. Notice will not normally be "waived."

4. Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of trial dates by stipulation are not permitted without prior approval of the Court, and only to a date pre-approved by the Court. Please call the Coordinator for available dates before contacting other counsel. If preliminary approval is given, a written stipulation must be provided before the hearing or trial date. Faxed signatures on stipulations are permitted.

5. In the event a case settles prior to a court hearing or trial date, parties must file with the Complex Litigation Department either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment or a Judgment on Stipulation that is ready for the Court's signature, and must telephonically notify the Court as soon as the disposition is agreed upon. If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

6. Cross-complainants must serve a copy of these guidelines upon any new parties and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

7. All actions classified as complex or provisionally complex are subject to the Court's Electronic Filing and Service Standing Order, unless exempted by order of the Court for good cause. Further information is posted on the Court's website at *www.scefiling.org*.

### V.   EX PARTE APPLICATIONS

1. Ex parte appearances are discouraged except in unusual situations. The Court will only hear ex parte matters on Tuesday and Wednesday mornings from 8:15 to 9:00 A.M. provided a time slot is reserved through the Coordinator. Strict compliance with Rule 3.1200-3.1207 of the California

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

Rules of Court is required. The ex parte application and all supporting papers, including any proposed pleading, motion or order shall be electronically submitted to the Court's website by noon the Court day prior to the scheduled ex parte hearing date.

2. In contrast to ex parte appearances, the Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court when all counsel agree to the advisability of such a discussion, please contact the Coordinator to reserve a time for the conference. In these instances "letter briefs" are not acceptable, but briefs on court paper not exceeding 3 pages are. Normally, briefs from each side describing the issues should be faxed or emailed to the Court in advance of the conference.

3. Counsel may appear by telephone, with the Court's prior permission, at counsel's expense.

## VI. LAW AND MOTION

### Briefs and Oral Argument – General Admonitions

Memoranda of points and authorities should be tightly organized and written. The Court is not interested in history except as it pertains to the motion at hand. Adverbs and adjectives are usually not helpful. Invective is useless. When you think you have edited the brief sufficiently, go over it and edit it again. Use spell check. Avoid string cites and footnotes. Out-of-state authority should be used only when necessary. Never leave out an argument thinking you'll "save it for argument." Organization and candor are essentials. A mere recitation of general black-letter law is of no value.

A retired judge of this Court used to ask counsel at the start of the law and motion calendar, "Are you proud of your briefs?" Since the papers are reviewed by the Court it is not useful to repeat your written arguments. If there are new points you wish to argue, be prepared to explain why they were not included in your papers. This is not only for the sake of efficiency but to comply with due process and provide the other side a fair opportunity to respond. On occasion the Court will invite oral argument; typically this is for the Court to ask questions of counsel. Bring extra copies of essential papers to the hearing.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

1. Law and Motion matters are generally heard Fridays at 9:00 a.m.

2. Counsel must first clear the hearing date with the other parties prior to contacting the Coordinator. You must provide the Court with the name of the case, the case number, type of hearing, hearing date requested and name and telephone number of the filing attorney.

3. Prior to the hearing of **any** motion, petition or application except motions to withdraw as counsel of record, all counsel and parties representing themselves shall meet in a good faith effort to eliminate the necessity of the hearing.

4. Discovery meet and confer obligations require an in-person conference between counsel. If a resolution is not reached, parties are required to meet and confer in person with the Court for all discovery-related hearings **prior to filing of any discovery motion**. Each side must serve and lodge a short brief, <u>**limited to no more than 3 pages**</u>, briefly discussing the issues to be discussed two days in advance of the meeting. To schedule an informal discovery conference (IDC) with the Court, please contact the Coordinator.

5. Counsel for moving parties must notify the Court as soon as possible regarding any matter to be taken off calendar or continued. Notice of continuances of hearings must be provided by the moving party.

6. Chamber copies of all papers filed should be provided to the Coordinator by the filing party.

7. The prevailing party must prepare an Order after Hearing in accordance with the requirements of Rule 3.1312.

VII. <u>CASE MANAGEMENT AND OTHER CONFERENCES</u>

1. The first case management conference is generally scheduled ninety (90) days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties.

2. Case Management Conferences are generally heard Fridays at 10:00 a.m. and are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses. The parties should expect the Court to schedule review hearings approximately every sixty to ninety days.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

3. There will be a detailed pre-trial conference 30-60 days before trial to deal with procedural issues and preliminary matters in order to make the trial process as predictable and smooth as possible.

4. The conference may be a time for the Court to discuss trial evidence presentation and use of audio-visual equipment. The conference is not for the purpose of hearing motions in limine. An example of an issue for the conference: Product liability case in which the manner of presenting the underlying case is of concern. Will the Court allow counsel to read the transcript into the record? Live testimony? A combination of transcript and live testimony? Is a trial by jury requested?

5. Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c), is not well-suited for complex cases. Rather, the parties shall file a joint case management statement no later than fifteen calendar days prior to the hearing for each conference as described below:

(a) brief objective summary of the case,(b) significant procedural and practical problems which may likely be encountered, (c) suggestions for efficient management, including a proposed timeline of key events, and (d) any other special consideration to assist the Court in determining an effective case management plan.

A status conference statement may be filed as an alternative to the case management statement when appropriate. A status conference statement is generally less detailed than a case management statement and is to be used to advise the Court of progress or developments in the case which have occurred since the last review hearing.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

### VIII.   CASE MANAGEMENT AND REFERENCE ORDERS

1.  Case Management Orders are not required in all cases, but may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial.  However, even if a case management order is not necessary in a particular case, all complex cases must be managed by counsel, or the court, or both.

2.  Mediation and Reference matters should not commence until <u>all</u> parties are before the Court but not later than six months after the original complaint was filed, except for good cause.

3.  Mediation and Reference matters should be concluded 12 months after their initiation (approximately 18 months after the original complaint was filed), except for good cause.

4.  Brevity in drafting the Order may help focus your case and assist in reaching the desired goal (i.e., early informed resolution of your case in a cost-effective manner).

5.  After a date is scheduled with the Court, it may not be continued by stipulation of the parties without the Court's consent.  It may be continued for good cause after noticed motion.

### IX. MANDATORY SETTLEMENT CONFERENCES (MSC)

1.  No case will be tried before a good faith effort is made to settle.  Counsel must advise the Court as soon as possible, and in no event after the MSC is set, if there is an objection to the trial judge's participation in the mandatory settlement conference.  Mandatory settlement conferences set on the court's calendar are typically set at the time the trial is set, and generally, the final mandatory settlement conference takes place a week to two weeks before the first day of trial, typically on a Wednesday.

2.  Trial counsel, parties and persons with full authority to settle the case must personally attend unless excused by the Court.  If insurance coverage is available to satisfy the plaintiff's settlement demand and a representative of defendant's insurer **with full settlement authority** attends the mandatory settlement conference with defendant's trial counsel, named defendants need not attend unless their personal consent is necessary to settle the case.  Named defendants must also personally attend the mandatory settlement conference when (a) there is an insurance coverage dispute; (b) plaintiff seeks to recover damages not covered by insurance; or (c) plaintiff's demand exceeds insurance policy limits.  **Failure to appear will result in the imposition of sanctions.**  Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference (Rule 3.1380).

3.  If a party objects to the trial judge's participation in the MSC, the party must advise the judge or courtroom clerk of its objection prior to the setting of the MSC.  If the parties agree to have the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

MSC conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is presumed that the judge to whom a case is assigned shall conduct the MSC.

5.  Any request for a waiver of the requirement to personally appear at the MSC, whether conducted by the Court or a special master, must be made by written application to the Court.

## X.  MINI-TRIALS

There may be a pivotal issue, such as a special defense or evidentiary ruling, upon which the rest of the case hinges. If counsel agree, the Court will set aside time from the trial in progress to hear mini-trials on such issues. Time will be appropriately limited. Briefs and factual stipulations must be submitted in advance. Limited testimony may be taken, for example, as in an Evidence Code § 402 situation. Contact the Coordinator to schedule a date and submit a stipulation signed by all affected counsel.

## XI.  PRE-TRIAL MEET AND CONFER

At least 20 days before trial, counsel shall meet and confer and execute necessary documents as listed below. Counsel for the plaintiff shall arrange the conference at a mutually agreeable time and location.

At the conference, the parties shall:

Exchange exhibits and inspect photos and diagrams (to be submitted on the date of trial), excluding those contemplated to be used for impeachment or rebuttal. ***Stipulate to all facts amenable to stipulation.***

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

1. Prepare a Joint Statement of the Case.

2. Prepare a Joint Witness List, excluding impeachment or rebuttal witnesses, with time estimates.

3. Prepare a Joint List of Controverted Issues. If all the parties fail to agree to an issue as controverted or uncontroverted, then the issue is controverted. (Required for both jury and non-jury trials)

4. Exchange all motions in limine, verdict forms, etc.

5. Prepare *voir dire* questions for the Court to include when examining the panel.

6. Execute the Statement of Compliance.

7. Prepare joint proposed jury instructions and exchange disputed instructions.

The above items, including opposition to motions in limine, trial briefs and the Statement of Compliance signed by all counsel, shall be submitted to the Complex Civil Litigation Desk or to the courtroom clerk in the department of the judge to whom the case has been assigned for trial, no later than noon of the Friday before trial.

XII.  **TRIALS - GENERALLY**

1. **General Matters – the following applies to all trials (jury and non-jury):**

   a.  Trials generally will proceed four days a week as follows: Monday through Thursday (9:00 a.m. to 4:30 p.m.). The Court will provide the parties, generally at the conclusion of the Mandatory Settlement Conference, a proposed trial schedule.

   b.  Jury deliberations will proceed five days a week, from 9:00 a.m. to 4:30 p.m.

   c.  Trial attorneys should be in the courtroom 15 minutes prior to the start of each morning session. Punctuality is not only a courtesy to others, it is required. Counsel should expect that the court will take appropriate action if counsel is late for any appearance and does not have a justification for a late appearance.

   d.  Before rearranging tables or other courtroom furniture, or installing equipment such as projectors or screens, permission must first be obtained from the bailiff or the Court.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

e.     Unless the Court expressly advises otherwise, counsel may not approach a witness who is testifying to hand the witness exhibits, or to help the witness locate portions thereof, without first obtaining the Court's permission.

f.     Counsel must advised opposing counsel and the Court of the identity of each witness intended to be called by 4:00 p.m. the day preceding the time for the witness of witnesses to testify.

g.     Counsel presenting their case shall be expected to have witnesses ready to call through at least 4:30 p.m., and may be deemed to have rested their case if they are not prepared to proceed. Counsel shall advise the Court immediately of any circumstances which may prompt a request for a modification of the established trial schedule.

h.     Counsel should advise the Court at the outset of the proceedings, or as soon as the issue become apparent, of any legal issues or evidentiary matters that counsel anticipate will require extended time for consideration or hearing outside the presence of the jury.

i.     If during the course of trial, counsel wish to discuss a matter with the Court and opposing counsel outside of the presence of the jury, counsel MUST advise the Court of this request at the conclusion of the preceding court session and NOT immediately before proceedings are scheduled to resume.

j.     The amount of jury fees required to be posted in advance of a jury trial is $150.00. If a case settles after jury fees have been deposited, the jury fees will not be returned unless the Court is notified of the settlement by 2:00 p.m. on the court day preceding the trial date for which the deposit was made.

k.     Counsel must confer in advance of the trial, attempt to stipulate on as many issues and facts as possible, and reduce all stipulations to writing. The written stipulation is filed and during jury trials is read aloud into the record.

l.     At the end of each day, counsel must clear work areas, including the area in the rear of the courtroom.

## 2. Documents

By such time as the Court may direct in a pretrial order (normally no later than 12:00 p.m. on the Friday before Monday on which trial is scheduled to begin), counsel for each party shall:

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

    a.    Deliver to the clerk and opposing counsel, a list of the witnesses which the party anticipates calling as part of its case-in-chief, with a succinct (no more than one or two sentences) statement of the general subject matter of the witness' testimony and an estimate of the time that will be required for the direct examination of each such witness.

    b.    Deliver to the Court and opposing counsel proposed jury instructions and a proposed form of jury verdict.

    c.    Lodge with the clerk the original of all deposition transcripts to be used during the course of the trial. If counsel anticipates reading from the deposition transcript for any purpose other than impeachment, counsel must deliver to opposing counsel a written specification of the pages and lines proposed to be read.

An extra copy of all motions in limine and supporting and opposing papers filed during trial (including in limine motions, proposed jury instructions and verdict forms and exhibit indices) shall be delivered to the clerk for use by the Court.

Counsel seeking to display to the jury any exhibit which required time and equipment to observe, such as slides, transparencies, movies, videotapes and audiotapes, MUST make such exhibit available to opposing counsel for review prior to commencement of the session of court at which the exhibit will be used. Proceedings will not be delayed to permit such a review if the review has not occurred by the time court is scheduled to begin.

3.  **Stipulations**

Unless counsel states otherwise prior to the commencement of trial, all counsel will be deemed to stipulate:

    1.    At the commencement of each session of the Court, all parties, attorneys and jurors are present unless otherwise indicated.

    2.    After the first occasion on which the jury has been admonished not to discuss or prejudge the case in conformity with CCP § 611, the jury will be deemed to have been so admonished at every subsequent recess or separation without the need for further admonition; and

    3.    Reporting of juror voir dire is waived.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

In addition, counsel will be requested to stipulate that if during the course of trial jurors and alternate jurors become unable to serve so that the total number of jurors and alternate jurors is reduced to fewer than 12, a verdict may be returned by nine of the 11 or by eight of 10 remaining jurors.

4. **Opening and Closing Arguments**

   a. Counsel should avoid discussing routine matters of court procedure - - such as the sequence of trial -- in opening statements and closing arguments. These matters will be covered by the Court and need not be repeated by counsel.

   b. Do not display charts, diagrams or proposed exhibits to the jury until they have been shown to opposing counsel outside of the presence of the jury. If opposing counsel indicates no objection, the exhibits or other object may be displayed to the jury without first requesting Court approval. If opposing counsel objects, the exhibit or object may not be displayed without Court approval, which must be requested outside the presence of the jury.

5. **Examination of Witnesses**

   a. <u>Objections:</u> Counsel should only state the legal ground(s) of objection and, unless the Court specifically requests explanation or argument, should refrain from argument, elaboration, or any other form of extended objection-making. Counsel may request permission to approach the side bar to present argument, but should not approach unless and until the Court grants the request.

   b. When calling a witness to testify under Evidence Code section 776, do <u>not</u> announce in the presence of the jury that the witness being called under this provision or as a "hostile" or "adverse" witness. Simply proceed with the examination of the witness; the Court will rule upon the applicability of section 776 only if such a ruling is required by an objection asserted by opposing counsel.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

    c.  Do <u>not</u> propose a stipulation to opposing counsel in the hearing of the jury unless there is prior agreement of counsel.

6.  **Transcripts**

    a.  The court reporter is under no obligation to provide transcripts of any portion of the proceedings to counsel during the course of trial.  If counsel anticipates requesting a transcript of the testimony of any witness or other proceedings during the course of trial, arrangements should be made with the court reporter <u>in advance</u> so that arrangements can be made to obtain a second court reporter if necessary.

    b.  If counsel requests any court reporter to prepare a transcript of any portion of the proceedings, counsel MUST contemporaneously advise opposing counsel of the request and of the precise portions that will be transcribed.

7.  **Jury Trials**

    a.  Motions in limine and other trial-related preliminary motions (such as Evidence Code § 402) must be submitted in writing before answering ready.  Motions *in limine* may be ruled on by the court without hearing.  Such motions should be brief and should address specific subject matter.

    See *Amtower v. Photon Dynamics, Inc.,* (2008) 158 Cal.App.4[th] 1582.
    (http://www.scefiling.org/resources/Amtower_2008.pdf)

    b.  CACI instructions are to be used.  Submit proposed instructions in Word format. When reasonably possible, mark up the official version rather than retyping so the changes are apparent to the Court and other counsel.  The Court may send at least 4 "clean" sets of instructions provided by counsel into the jury room.  "Clean" means just the text of the instruction, as corrected.  Plaintiff has the primary, but not exclusive, responsibility to provide the "clean" sets, in binders.

    c.  Counsel should consider stipulating to less than 12 jurors to try the case.  They should also consider stipulating to continue with the trial with less than 12 jurors, should one or more be unavailable.  Counsel should be prepared to identify the number of alternates that they intend to recommend.

    d.  <u>Hardship Requests</u> - Requests by members of the panel to be excused on the ground of undue hardship will be considered by the court prior to beginning voir dire examination.

    e.  Jury selection proceeds generally under the "6 pack" method, modified to fit the case.  Court and counsel will work out the management of voir dire in accordance

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

with CCP § 225.5 to fit the circumstances of the case. Counsel may submit specific juror questions for the Court to consider asking during voir dire.

f.   Voir dire examination will initially be directed to 18 members of the jury panel seated in the jury box. Any of these 18 panel members excused for cause will be replaced by additional panel members before peremptory challenges begin. Peremptory challenges will then proceed, directed to the first 12 panel members, who will be replaced by the next six panel members in order as any of the 12 are peremptorily challenged. The peremptory challenges will continue until the panel seated in the jury box is reduced to 11 members, at which time additional panel members (normally an additional seven) will be selected and examined prior to resuming peremptory challenges. Whenever there are successive passes from all parties who have not exhausted their challenges, or all parties exhaust their challenges, the jury has been selected and will be sworn. The same process will then continue for the selection of alternate jurors.

g.   All challenges for cause will be heard out of the hearing of the jury panel.

h.   The Court will conduct a detailed voir dire examination. Before concluding questioning, the Court will ask counsel at the side bar whether they wish the Court to address any additional questions to any or all of the panel members, and will permit counsel to examine the panel. An appropriate time limit will be fixed by the Court.

i.   The Court preinstructs the jury once it is empaneled. CACI Instructions relating to the basic responsibilities of the jurors, management of evidence and the like will be given and, in most cases, repeated at the close of trial.

j.   Objections of any kind are to be addressed to the Court (not to other counsel) with a concise statement of the legal grounds. Argument on the objection without invitation by the Court is not permitted. Advise the Court if argument is necessary for the record.

k.   Make no references to charts, models, blowups or other demonstrative evidence in front of the jury unless: (a) it is in evidence; (b) counsel have previously stipulated the item is in evidence; or (c) you have leave of Court to use the reference.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

XIII.  TRIAL EXHIBITS

1.  **Introduction**

a.  The digitalized representations of such exhibits may be presented to the Jury/Court as substitutes for the exhibits themselves.  Counsel should keep in mind that one of the purposed of the complex project is to enhance the orderly presentation of evidence to the fact finder, and to maintain the record for potential post trial proceedings.

b.  Exhibits may be in either electronic or physical form.  Physical exhibits are not required to be presented in a digitized format.  However, at the conclusion of trial the court may order that a photo be substituted and stored electronically in lieu of the physical evidence.

c.  Parties must exchange exhibits excluding documents for bona fide impeachment at the Pre-Trial Meet and Confer.  Each counsel must provide the Court with an EXHIBIT LIST describing each exhibit, indicating whether the exhibit is to be admitted into evidence by stipulation.

d.  Counsel must submit to the Clerk original negotiable instruments for cancellation pursuant to Rule 3.1806, unless otherwise ordered by the Court.

2.  **Submission of Exhibits**

a.  Counsel must provide the Court with the exhibits, plus one copy.  Exhibits will be marked by the Clerk, as they are identified, in chronological order.  Exhibits shall not be pre-marked by counsel.

b.  Enlargements and transparencies normally will not be admitted into evidence.  Any large exhibit or transparency should be accompanied by an 8½ x 11 version to which the exhibit tag is attached.  Models, etc. should be photographed if proposed as exhibits.  Be sure to discuss evidentiary issues of this nature with opposing counsel.

c.  Interrogatories and Requests for Admissions which are expected to be used at trial must be extracted and lodged with the Court, and a copy given to counsel, at the appropriate time.  In jury trials, questions and answers must be read into the record, subject to proper objections.  The extracts may be submitted as exhibits in a Court trial.  In no case will entire sets of written discovery documents be lodged or received.

d.  Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of exhibits when the trial is completed.  Plaintiff will maintain joint exhibits, unless otherwise stipulated.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

3. **Use of Deposition Transcripts**

    a.  Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial.  Pertinent provisions must be read into the record in jury trials, subject to proper objections.  In Court trials, extracts may be submitted and marked as exhibits.  In no case will an entire transcript be received.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

**Hon. James P. Kleinberg**
**Judge, Superior Court, State of California, County of Santa Clara**
**191 North First Street**
**San Jose, CA 95113**
**Courtroom Clerk Number, Department 1: (408) 882-2110**

**Judicial Assignments and Activities:**

**Current: Complex Civil Litigation, January, 2010 - present**
Appointed to the bench, 2002 and re-elected (unopposed) in 2004 and 2010
Criminal misdemeanor assignment, 2002
Family Division, January, 2003 – January, 2005
Civil Discovery, January 2005 – September, 2006
Civil Trials, September 2006 – January, 2008
Civil Case Manager, January, 2008 – January, 2010
Supervising Judge, Civil Division, January, 2010 – January, 2011
Member, Superior Court Executive Committee, 2004
Chair, Superior Court Technology Committee, 2004 - present
Member, CJER Judicial Technology Education Committee, 2004

**Other professional activities:**

Advisor to the Executive Committee, Section of Litigation, State Bar of California, 2002-present
Member, and Vice President, William A. Ingram Inn, American Inns of Court, 2004 -- present
Former President, San Francisco Barristers' Club, Former Director, Bar Association of San Francisco and the Santa Clara County Bar Association
Former commercial arbitrator, American Arbitration Association
Former Member, Board of Visitors, University of Michigan Law School
Richard H. Holton Teaching Fellow, Haas School of Business, University of California at Berkeley

**Education and Practice Experience:**

J.D., University of Michigan Law School, 1967
B.A., University of Pittsburgh, 1964

Partner, McCutchen, Doyle, Brown & Enersen LLP (now Bingham McCutchen, LLP) in San Jose, Palo Alto and San Francisco for over 19 years (1983-2002)

Associate and partner, Petty, Andrews, Tufts & Jackson (later Jackson, Tufts, Cole & Black) (San Francisco and San Jose) for 14 years (1969-1983)

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

Trial Attorney, U.S. Department of Justice, Antitrust Division (1967-68)

Specialized in business litigation, including antitrust, intellectual property, securities, contract, arbitration

Listed in Best Lawyers in America for over ten years under "Business Litigation"

Speaking and writing for continuing education programs on litigation topics: State Bar of California, ABA, PLI, CEB, ABTL, CJA, local bar associations, and independent providers

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised July 28, 2011

## Complex Civil Guidelines

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  CAROLYN GUTSICK
NIKE, INC.
ONE BOWERMAN DRIVE, DF-4
BEAVERTON, OR 97005

SOP Transmittal # **524489768**

213-337-4615 – Telephone

Entity Served:  NIKE RETAIL SERVICES, INC. (Domestic State: OREGON)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 28 day of February, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:**  Isaac Rodriguez, etc., Pltf. vs. Nike Retail Services, Inc., etc., et al., Dfts.

2.  **Document(s) Served:**  LABOR OR EMPLOYMENT SUITS,SUMMONS & COMPLAINT
Other: Cover Sheet/Instructions/Demand/Form/Attachment

3.  **Court of Jurisdiction/Case Number:** Santa Clara County - Superior Court - San Jose, CA
Case # 114CV261232

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

_X_ Personally served by:          _X_ Process Server          ___ Deputy Sheriff          ___ U. S Marshall

___ Delivered Via:          ___ Certified Mail          ___ Regular Mail          ___ Facsimile

___ Other (Explain):

6.  **Date and Time of Receipt:**  02/28/2014 08:50:00 AM CST

7.  **Appearance/Answer Date:**  Within 30 days after this summons and legal papers are served on you

8.  **Received From:**  Larry W. Lee
Diversity Law Group, P.C.
550 South Hope Street
Suite 2655
Los Angeles, CA 90071
213-488-6555

9.  **Federal Express Airbill #** 798077958250

10.  **Call Made to:** Not required

11.  **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day
Image SOP
Email Notification, ROB LEINWAND ROBERT.LEINWAND@NIKE.COM
Email Notification, CAROLYN GUTSICK CAROLYN.GUTSICK@NIKE.COM

**NATIONAL REGISTERED AGENTS, INC.**                              **CopiesTo:**

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# EXHIBIT C

3-11-14
2:45

1   Larry W. Lee (State Bar No. 228175)
2   Daniel H. Chang (State Bar No. 183803)
    **DIVERSITY LAW GROUP, P.C.**
3   550 South Hope Street, Suite 2655
    Los Angeles, California 90071
4   (213) 488-6555
5   (213) 488-6554 facsimile

6   William L. Marder (State Bar No. 170131)
7   **POLARIS LAW GROUP**
    501 San Benito St., Suite 200
8   Hollister, California 95023
    (831) 531-4214
9   (831) 634-0333 facsimile

10  Attorneys for Plaintiff and the Class

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                   FOR THE COUNTY OF SANTA CLARA

14

15  ISAAC RODRIGUEZ, as an individual      CASE NO.  1-14-CV-261232
    and on behalf of all others similarly
16  situated,                              **NOTICE OF ORDER DEEMING CASE COMPLEX**

17              Plaintiff,
                                           Date:        July 11, 2014
18       v.                                Time:        10:00 a.m.
                                           Department:  1
19  NIKE RETAIL SERVICES, INC., an
    Oregon corporation; and DOES 1 through (Assigned for all purposes to the Hon. Peter   H.
20  50, inclusive,                         Kirwan, Department 1)

21              Defendants.

22

23

24

25

26

27

28

─────────────────────────────────────────────────────
                **NOTICE OF ORDER DEEMING CASE COMPLEX**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Court determines that the above-referenced case is COMPLEX within the meaning of California Rules of Court 3.400.

The Case Management Conference remains set for July 11, 2014 at 10:00 a.m. in Department 1 and all counsel are ordered to appear in person. Counsel are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the issues set forth in the Order Deeming Case Complex.

A Joint Case Management Conference Statement is to be filed fifteen calendar days prior to the First Case Management Conference and must include criteria identified in the attached Order Deeming Case Complex. Attached hereto as Exhibit "A" is a true and correct copy of the Order Deeming Case Complex.


Dated: March 11, 2014                          DIVERSITY LAW GROUP, P.C.


                                               By: _____
                                                    LARRY W. LEE
                                                    Attorneys for Plaintiff and the Class

**NOTICE OF ORDER DEEMING CASE COMPLEX**

# EXHIBIT A

**E-FILED**
Mar 11, 2014 10:12 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-14-CV-261232 Filing #G-61484
By R. Walker, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated, | Case No.: 1-14-CV-261232 |
| Plaintiff, | |
| vs. | |
| NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive, | **ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY** |
| Defendants. | **Complaint Filed: February 25, 2014** |
| | **Judge: Hon. Peter H. Kirwan**<br>**Dept: 1 (Complex Civil Litigation)** |

WHEREAS, the Complaint was filed by Plaintiff ISAAC RODRIGUEZ ("Plaintiff") in the Superior Court of California, County of Santa Clara, on February 25, 2014 and assigned to Department 1 (Complex Civil Litigation), the Honorable Peter H. Kirwan presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including

E-FILED: Mar 11, 2014 10:12 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61484

1   discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable Peter H.

2   Kirwan presiding.

3       The parties are directed to the Electronic Filing and Service Standing Order and to the

4   Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded

5   from www.scefiling.org.

6       All parties are hereinafter ordered to submit to the Court's E-Filing website digital

7   copies of all documents that were previously manually filed prior to the entry of this Order.

8       Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the

9   Master Service List shall be under the auspices of (1) Plaintiff ISAAC RODRIGUEZ, as the

10  first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if

11  any.

12      Pursuant to Government Code section 70616(c), each party's complex case fee is due

13  within ten (10) calendar days of this date.

14      Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of

15  service within seven (7) days of service.

16      Any party objecting to the complex designation must file an objection and proof of

17  service within ten (10) days of service of this Order.  Any response to the objection must be

18  filed within seven (7) days of service of the objection.  The Court will make its ruling on the

19  submitted pleadings.

20      The Case Management Conference remains set for **July 11, 2014 at 10:00 a.m. in**

21  **Department 1** and all counsel are ordered to attend in person.

22      Counsel for all parties are ordered to meet and confer in person at least 15 days prior to

23  the First Case Management Conference and discuss the following issues:

24      1.  Issues related to recusal or disqualification;

25      2.  Issues of law that, if considered by the Court, may simplify or further resolution of

26          the case, including issues regarding choice of law;

27      3.  Appropriate alternative dispute resolution (ADR), for example, mediation,

28          mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

*Rodriguez v. Nike Retail Services, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 1-14-CV-261232*
*Order Deeming Case Complex and Staying Discovery*

3

E-FILED: Mar 11, 2014 10:12 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61484

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.

E-FILED: Mar 11, 2014 10:12 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61484

This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Dated: 3 | 7 | 14

Honorable Peter H. Kirwan
Judge of the Superior Court

*Rodriguez v. Nike Retail Services, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 1-14-CV-261232*
*Order Deeming Case Complex and Staying Discovery*

5

E-FILED: Mar 11, 2014 10:12 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61484

# GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION
## DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers <u>admissible</u> evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

E-FILED: Mar 11, 2014 10:12 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61484

     b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

     c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

     d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

     a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

     b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

     c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

     a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

     b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

     c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

     a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

**PROOF OF SERVICE**

**(Code of Civil Procedure Sections 1013a, 2015.5)**

STATE OF CALIFORNIA        ]
                            ]ss.
COUNTY OF LOS ANGELES    ]

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 S. Hope St., Suite 2655, Los Angeles, California 90071.

        On March 11, 2014, I served the following document(s) described as: **NOTICE OF ORDER DEEMING CASE COMPLEX** on the interested parties in this action as follows:

| | |
|---|---|
| Nike Retail Services, Inc.<br>National Registered Agents, Inc.<br>818 West 7th Street, 2nd Floor<br>Los Angeles, California 90017<br>*(Agent for Service of Process – Via Messenger Service)* | William L. Marder<br>POLARIS LAW GROUP<br>501 San Benito St., Suite 200<br>Hollister, California 95023<br>*(Counsel for Plaintiff and the Class – Via U.S. Mail)* |

    __X__    BY MESSENGER SERVICE: I served the documents by placing a true and correct copy in an envelope or package addressed to the person(s) listed above and providing them to a professional messenger service for service.  A Declaration of Messenger is attached below.

    __X__    BY MAIL: by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices.  The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 11, 2014, at Los Angeles, California.

                            _____
                            Olympia Peña

## DECLARATION OF MESSENGER

I personally delivered the envelope or package received from the declarant above to the persons at the address listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9:00 a.m. and 5:00 p.m.; (2) for a party, delivery was made to the party by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 811 Wilshire Boulevard, Suite 900, Los Angeles, CA 90017.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 11, 2014, at Los Angeles, California.

_____          _____
[Print Name]                                              [Signature]

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: CAROLYN GUTSICK
NIKE, INC.
ONE BOWERMAN DRIVE, DF-4
BEAVERTON, OR 97005

SOP Transmittal # 524560323

213-337-4615 - Telephone

Entity Served:  NIKE RETAIL SERVICES, INC. (Domestic State: OREGON)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 11 day of March, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Isaac Rodriguez, etc., Pltf. vs. Nike Retail Services, Inc., etc., et al., Dfts.

2. **Document(s) Served:**   Other: EXHIBIT(S)/PROOF OF SERVICE/DECLARATION
Notice Of: ORDER DEEMING CASE COMPLEX

3. **Court of Jurisdiction/Case Number:** Santa Clara County - Superior Court - San Jose, CA
Case # 114CV261232

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:      _X_ Process Server      ___ Deputy Sheriff      ___ U. S Marshall

   ___ Delivered Via:         ___ Certified Mail      ___ Regular Mail      ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 03/11/2014 02:45:00 PM CST

7. **Appearance/Answer Date:** July 11, 2014 at 10:00 a.m.

8. **Received From:**     Larry W. Lee           9. **Federal Express Airbill #** 798199726554
Diversity Law Group, P.C.
550 South Hope Street        10. **Call Made to:** Not required
Suite 2655
Los Angeles, CA 90071
213-488-6555

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, ROB LEINWAND ROBERT.LEINWAND@NIKE.COM
Email Notification, CAROLYN GUTSICK CAROLYN.GUTSICK@NIKE.COM

## NATIONAL REGISTERED AGENTS, INC.                    CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# EXHIBIT D

1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Sheryl L. Skibbe (SBN 199441)
3  sskibbe@seyfarth.com
   Casey J.T. McCoy (SBN 229106)
4  cjtmccoy@seyfarth.com
   Maya Harel (SBN 291990)
5  mharel@seyfarth.com
   2029 Century Park East, Suite 3500
6  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
7  Facsimile:    (310) 201-5219

8  Attorneys for Defendant
   NIKE RETAIL SERVICES, INC.

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF SANTA CLARA

13

14  ISAAC RODRIGUEZ, as an individual and on      Case No. 114CV261232
    behalf of all others similarly situated,
15                                                **DEFENDANT NIKE RETAIL SERVICES,**
                Plaintiff,                        **INC.'S ANSWER TO PLAINTIFF ISAAC**
16                                                **RODRIGUEZ'S UNVERIFIED CLASS**
         v.                                       **ACTION COMPLAINT**
17
    NIKE RETAIL SERVICES, INC., an Oregon         Date Action Filed:  February 25, 2014
18  corporation; and DOES 1 through 50, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

E-FILED
Apr 1, 2014 11:26 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-14-CV-261232 Filing #G-61978
By C. Pinacate, Deputy

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

Defendant NIKE Retail Services, Inc. ("Defendant") hereby answers the unverified Class Action Complaint ("Complaint") filed on behalf of Isaac Rodriguez ("Plaintiff"), purportedly acting on behalf of himself and others similarly situated as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

In further answer to the Complaint, and as separate and distinct affirmative or additional defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action Upon Which Relief Can Be Granted)

1.      The Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

2.      Plaintiff has waived his right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendant. Plaintiff, by his own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

3.      Plaintiff is barred by the doctrine of estoppel from pursuing his Complaint, and each purported cause of action alleged therein. Plaintiff, by his own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

## FOURTH AFFIRMATIVE DEFENSE

### (Release)

4.    To the extent Plaintiff or any putative member of the purported class has executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.    Plaintiff is barred by the doctrine of laches from pursuing his Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.

## SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Unclean Hands)

6.    Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

7.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation for each alleged cause of action, including but not limited to California Code of Civil Procedure sections 312, 337, 338(a), 340, and 343, and California Business and Professions Code Section 17208.

## EIGHTH AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

8.    Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff or any purportedly similarly situated current or former employees were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work. *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-58 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not

compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("[i]t is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable").

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute and Waiting Time Penalties)

9.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

## TENTH AFFIRMATIVE DEFENSE

### (Failure To Show Entitlement To Waiting-Time Penalties)

10.     The Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff and putative class members have failed to show that Defendant willfully, knowingly, or intentionally did not pay all accrued wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff or putative class members.  Plaintiff and putative class members, therefore, cannot pursue claims for waiting-time penalties under California Labor Code section 203

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Follow Employer's Established Procedures)

11.     Plaintiff and putative class members are not entitled to recover from Defendant as alleged in the Complaint for any damages, interest, restitution, injunction, or other relief, due to their failure to comply with all directions of their employer concerning the service on which they were engaged, in violation of California Labor Code section 2856.

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

## TWELFTH AFFIRMATIVE DEFENSE

### (Action Unconstitutional)

12.    Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing Under Business and Professions Code Section 17200)

13.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or he has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing for Injunctive Relief)

14.    The claims of Plaintiff and putative members of the purported class for injunctive and other equitable relief are barred because Plaintiff is a former employee and thus has no standing to seek injunctive or other equitable relief.  Plaintiff is not entitled to the equitable relief sought insofar as he has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO
PLAINTIFF ISAAC RODRIGUEZ'S UNVERIFIED CLASS ACTION COMPLAINT

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

### FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

15.　To the extent a court holds that Plaintiff or putative members of the purported class are entitled to damages or penalties, which is specifically denied, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff or members of the purported class. To the extent a court holds that Plaintiff or putative members of the purported class are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Due Process/Excessive Fine)

16.　Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

### PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.　That Plaintiff takes nothing by way of his Complaint;

2.　That Defendant did not damage or harm Plaintiff, or any of the other members of the purported class, in any way;

3.　That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution,

6

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

    4.    That Plaintiff is not an adequate representative to bring an action under the standards of the California Unfair Competition Law, California Business and Professions Code Section 17200, et seq., California Code of Civil Procedure Section 382 and/or Rule 23 of the Federal Rules of Civil Procedure;

    5.    That the Complaint fails to allege facts sufficient to show that there is a predominance of common questions of law or fact among Plaintiff and/or any other person upon whose behalf Plaintiff purports to act;

    6.    That the Complaint be dismissed in its entirety with prejudice;

    7.    That judgment be entered in favor of Defendant and against Plaintiff on his entire Complaint and on all causes of action alleged therein;

    8.    That Defendant be awarded the costs of suit herein incurred as provided by statute; and

    9.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 28, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By: _Maya Harel_
    Jon D. Meer
    Sheryl L. Skibbe
    Casey J.T. McCoy
    Maya Harel

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA                )
                                       )   ss
3   COUNTY OF LOS ANGELES              )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
    within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5   90067-3021.  On March 28, 2014, I served the within document(s):

6   **DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF ISAAC**
    **RODRIGUEZ'S UNVERIFIED CLASS ACTION COMPLAINT**
7

8   ☐   I sent such document from facsimile machines (310) 201-5219 on March 28, 2014.  I certify that
        said transmission was completed and that all pages were received and that a report was generated
9       by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a
        copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed
10      envelope(s) addressed to the parties listed below.

11  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
        in the United States mail at Los Angeles, California, addressed as set forth below.

12  ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
        below.
13

14  ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
        sealed envelope or package provided by an overnight delivery carrier with postage paid on
15      account and deposited for collection with the overnight carrier at Los Angeles, California,
        addressed as set forth below.

16  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
        below.
17

18  ☐   electronically by using the Court's ECF/CM System.

19

20  Larry W. Lee                           *Attorneys for Plaintiffs*
    Daniel H. Chang
21  DIVERSITY LAW GROUP, P.C.
    550 South Hope Street, Ste. 2655
22  Los Angeles, California  90071
    Telephone:  (213) 488-6555
23  Facsimile:  (213) 488-6554

24  William L. Marder                      *Attorneys for Plaintiff*
    POLARIS LAW GROUP
25  501 San Benito Street, Ste. 200
    Hollister, California  95023
26  Telephone: (831) 531-4214
    Facsimile: (831) 634-0333
27

28

17048028v.1

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

1
2
3

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

4
5

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

6
7
8
9

      Executed on March 28, 2014, at Los Angeles, California.

Kelley Lehr

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

17048028v.1

The Superior Court of California, County of Santa Clara
Hon. Peter Kirwan, Department 1a                                          www.scefiling.org
191 N. First Street, San Jose, CA 95113                                   info@glotrans.com
                                                                          (510) 208-4775

**ELECTRONIC SERVICE NOTICE #932-4**                    Service date: 04/01/2014 10:43 AM

Case No: 1-14-CV-261232
**Rodriguez v. Nike Retail Services, Inc.**

Document #FD113401:
Title:   <u>DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF ISAAC RODRIGUEZ'S UNVERIFIED CLASS ACTION COMPLAINT</u> *(Click here to view document information)*
Type:    Complex Answer
Author:  Maya Harel of Seyfarth Shaw
Parties: Nike Retail Services, Inc.

**Service list:**

| Party name | Attorney/Representative Contact | Email address |
|---|---|---|
| Nike Retail Services, Inc. | | |
| Rodriguez, Isaac | Lee, Larry W. – Diversity Law Group | lwlee@diversitylaw.com |
| Superior Court of California | Walker, Rowena – Superior Court of California, County of Santa Clara | rwalker@scscourt.org |

**Additional recipients of Electronic Service:**

| Service recipient | Email address |
|---|---|
| Lee, Larry W. [cc] | olympia@diversitylaw.com |
| Lee, Larry W. [cc] | carolina@diversitylaw.com |

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

# E-FILED

Apr 1, 2014 11:26 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-14-CV-261232 Filing #G-61978
By C. Pinacate, Deputy

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated, Plaintiff, | Rodriguez v. Nike Retail Services, Inc. |
| Plaintiff, | Lead Case No. 1-14-CV-261232 |
| vs. | Hon. Peter Kirwan |
| NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive, Defendants. | |
| Defendant. | |
| AND RELATED ACTIONS | **PROOF OF SERVICE** Electronic Proof of Service |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Tue. April 1, 2014 at 10:42 AM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Tue. April 1, 2014 at 10:42 AM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 1, 2014 at Oakland, California.

Dated: April 1, 2014

For WWW.SCEFILING.ORG

Andy Jamieson

E-FILED: Apr 1, 2014 11:26 AM, Superior Court of CA, County of Santa Clara, Case #1-14-CV-261232 Filing #G-61978

1

**THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG**

2

**Electronic Proof of Service
Page 2**

3

**Document(s) submitted by Maya Harel of Seyfarth Shaw on Tue. April 1, 2014 at 10:42 AM PDT**

4

1. Complex Answer: DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF ISAAC RODRIGUEZ'S
UNVERIFIED CLASS ACTION COMPLAINT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23