UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:14-cv-01508 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 29] |

In this wage-and-hour case, plaintiff Isaac Rodriguez sues for himself and on behalf of a putative class of all current and former non-exempt retail store employees of defendant Nike Retail Services, Inc. (Nike) who worked in California during the period from February 25, 2010 to the present.  Rodriguez alleges that Nike has a policy or practice of forcing its employees to submit to a security inspection after they clock-out from work, leaving employees uncompensated for the time spent in these security checks.  (Dkt. 27, First Amended Class Action Complaint ¶¶ 23, 32, 38).  Plaintiff asserts two claims for violation of various provisions of the California Labor Code, as well as a claim for violation of California Business and Professions Code § 17200. Federal jurisdiction is premised on diversity, 28 U.S.C. § 1132, and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Nike says that simply having managers look in an employee's bag as they walk out the door does not constitute compensable time.

1  At issue in Discovery Dispute Joint Report (DDJR) No. 1 is whether defendant should be
2  compelled to provide the names, last known addresses, and telephone numbers of putative class
3  members in response to plaintiff's Interrogatory No. 1.[1]  The matter is deemed suitable for
4  determination without oral argument.  Civ. L.R. 7-1(b).  Having considered the parties' respective
5  arguments,[2] the court grants plaintiff's request for an order compelling this discovery.

6  Preliminarily, Nike contends that the instant DDJR is untimely because it was not filed
7  within 14 days after the parties' in-person meet-and-confer, as required by the undersigned's
8  Standing Order re Civil Discovery Disputes.  Nike says that the delay was plaintiff's fault.
9  However, defendant does not deny that, following their in-person meeting, the parties agreed to
10 hold open the meet-and-confer process, for the purpose of conducting further negotiations after
11 Nike's Fed. R. Civ. P. 30(b)(6) deposition.  Parties are encouraged to meet-and-confer as much
12 and as often as necessary to attempt to resolve their discovery disputes without court intervention.
13 DDJR No. 1 was filed within 14 days after defendant confirmed in a January 30, 2015 email that it
14 would not provide the requested discovery.  Thus, while the DDJR was not filed in strict
15 compliance with the timing requirements of the Standing Order, this court declines to find that the
16 report is untimely.

17 Plaintiff contends that he is entitled to the contact information of all potential class
18 members "as a matter of law."  To the extent plaintiff means that he is automatically entitled to
19 such discovery, he is wrong.  In order to obtain pre-certification discovery, plaintiff bears the
20 burden of making a prima facie showing that the class action requirements of Rule 23 are satisfied,
21 or that discovery is likely to produce substantiation of the class allegations.  Mantolete v. Bolger,

---

[1] Interrogatory No. 1 asks Nike to "Please IDENTIFY all non-exempt employees who have been employed at any retail stores owned or operated by YOU in the State of California at any time during the RELEVANT TIME PERIOD. (For purposes of these Interrogatories, 'IDENTIFY' includes stating the name and the last known address and telephone numbers. 'YOU,' 'YOUR' and 'DEFENDANT' shall refer to Defendant Nike Retail Services, Inc. 'RELEVANT TIME PERIOD' shall refer to the time period from February 25, 2010, through the present.)."

[2] On April 27, 2015, plaintiff filed a notice of recent decision as to a discovery order issued by Magistrate Judge Beeler in Case No. 3:12-cv-04474 PJH (LB) *Barreras v. Michaels Stores, Inc.* This court has considered plaintiff's filing, but finds the *Barreras* decision inapposite inasmuch as it concerned different claims and facts and does not squarely address the issues presented in this DDJR.

2

767 F.2d 1416, 1424 (9th Cir. 1985). Nevertheless, disclosure of putative class members' contact information "is a common practice in the class action context." Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011); see also Bell v. Delta Air Lines, Inc., No. C13-01199YGR (LB), 2014 WL 985829 at *3 (N.D. Cal., Mar. 7, 2014) (collecting cases). Ultimately, whether or not pre-certification discovery will be permitted, and the scope of any discovery that is allowed, lies within the court's sound discretion. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court.").

This court is told that there are over 6,000 potential class members who worked in more than 31 stores over the requested five-year period from February 25, 2010 to the present. There appears to be no serious dispute that plaintiff is entitled to at least some pre-certification discovery. The crux of the parties' disagreement is whether plaintiff should be permitted the requested discovery of all putative class members (plaintiff's position) or whether he should be limited to employees at Nike's Gilroy location where plaintiff worked (Nike's contention).

Plaintiff maintains that he is entitled to discovery of the entire class because, in Nike's Fed. R. Civ. P. 30(b)(6) deposition, defendant's designated witness, Jeffrey McPike, confirmed that bag security checks are conducted after an employee clocks out: "There is a bag check policy that any time an employee leaves the store if they are on shift they are to get their bag checked which is a process which we just look in the bag on their way out the door." (Dkt. 29, DDJR No. 1 at 5 (McPike Depo. at 50: 2-7)). According to the DDJR, McPike also testified that Nike does its best to ensure that all of its stores know and follow the company's policy. (Id. (McPike Depo. at 64:17-21)).

Citing to Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503 (C.D. Cal. 2011), Nike argues that plaintiff has not made a sufficient showing to justify discovery of anyone beyond the Gilroy location. In Nguyen, the plaintiff alleged that defendant violated labor laws and failed to comply with company guidelines by denying adequate meal periods and issuing paycheck stubs

3

that did not reflect the hourly pay rate for shift differential pay. Id. at 504. Although the court concluded that plaintiff was entitled to conduct pre-certification discovery of defendant's employee records, plaintiff was limited to discovery from defendant's Irvine facility where she worked. Id. at 507-508. That was because plaintiff did nothing more than speculate that if supervisors at the Irvine location did not follow company guidelines, then supervisors at other locations presumably also violated those guidelines. Additionally, defendant presented plaintiff's testimony establishing that she never worked at any other location and had no knowledge of the pay issues, policies, or practices at any location other than the Irvine facility. Id.

Nike says that Rodriguez worked at defendant's Gilroy location as a seasonal part-time employee for a total of 10 shifts in 2011 and argues that, like the plaintiff in Nguyen, Rodriguez's testimony does not support class-wide pre-certification discovery. Pointing to excerpts of plaintiff's deposition testimony, Nike says that plaintiff did not complain about the time spent in security checks *per se*, which he agreed took less than roughly 2 seconds. (DDJR No. 1 at 11 (Rodriguez Depo. at 27:7-11)). Rather, Rodriguez testified that during closing shifts, his manager would require him to clock-out (once he had finished his duties) and then wait for other employees to complete their closing duties before plaintiff could end his shift by participating in a "huddle," during which security checks would sometimes (but not always) be conducted. Plaintiff additionally testified that the "huddle" consisted of "your goodbyes, Can I see your bag, Lift up your -- your shirts to check your waistband, and you lift up your pant legs. It was really all it was. It wasn't necessarily a game plan for the next day or not." (Id. (Rodriguez Depo. at 39:3-40:2; 52:17-22; 53:6-9; 54:23-55:4)). Defendant says that huddles are supposed to be conducted on-the-clock---i.e., the company's closing procedures require managers to conduct a huddle with employees after the store has been cleaned and organized, but before employees clock-out and undergo a bag check as they walk out of the store. (Id. at 12 (McPike Depo. at 65:19-66:5)). Thus, says Nike, plaintiff is not actually challenging adherence to an off-the-clock security check policy, but rather, his manager's violation of company's policy re on-the-clock huddles. As such, defendant says that plaintiff is not entitled to class-wide discovery because, like the plaintiff in Nguyen, Rodriguez has no evidence that managers at other stores violated the on-the-clock huddle

4

policy.

To the extent plaintiff is complaining about *huddles* being conducted off-the-clock, there may be a disconnect with the alleged violation asserted in his complaint, i.e., off-the-clock *security checks*. Nevertheless, his testimony does not contradict his allegations that Nike violated labor laws through a policy requiring off-the-clock security checks. Whether the security checks occurred during off-the-clock huddles or whether they occurred in accordance with defendant's acknowledged policy re security checks, all security checks plaintiff complains about occurred off-the-clock. In view of Nike's testimony that it has a company-wide policy requiring off-the-clock security checks, this court finds that "[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." Id. The requested discovery is likely to produce substantiation of the class claims, and this court declines to limit discovery to the Gilroy location or to a particular sampling.

Nike nevertheless maintains that disclosure of the requested contact information violates the putative class members' privacy rights. Plaintiff's need for the requested information must be balanced against defendant's asserted objections, including the privacy rights of potential class members. Artis, 276 F.R.D. at 352-53. As discussed above, plaintiff has a legitimate need for the requested contact information. The right to privacy is not absolute; and, the contact information sought here generally is considered less sensitive than "more intimate privacy interests such as compelled disclosure of medical records and personal histories." Id. at 353; see also Tierno v. Rite Aid Corp., No. C05-02520TEH, 2008 WL 3287035 at *3 (N.D. Cal., July 31, 2008) (concluding that disclosure of class members' job position and contact information was not a serious invasion of privacy, especially where a protective order was in place to ensure that the information is not misused.).

While no protective order has been entered in this case, the parties each suggest other means of protecting the privacy of potential class members, particularly those who may not wish

to be contacted at all. In his April 27 filing, plaintiff alludes to use of an opt-out <u>Belaire-West</u>[3] notice. Nike suggests that production of the contact information be made to a third-party administrator who will oversee the process. Because the instant DDJR focuses primarily on what scope of pre-certification discovery should be allowed, it appears that the parties may not have fully discussed the particulars of how the production should occur. The court therefore directs the parties to meet-and-confer in good faith to attempt to agree on the best means of obtaining the requested information, while protecting the privacy of potential class members.

Additionally, the parties are encouraged to meet-and-confer on the terms of a protective order to protect any sensitive or private information that is produced. Meanwhile, any contact information that is produced shall be kept confidential and used solely for purposes of this litigation. The parties shall not further disclose any potential member's contact information, absent consent from the particular putative class member in question. To further minimize the possibility for abuse, the court reminds the parties that their communications must be fair and accurate and that misleading, intimidating, or coercive communications are prohibited.

**SO ORDERED**.

Dated:   April 29, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] See <u>Belaire-West Landscape Inc. v. Super. Ct.</u>, 149 Cal.App.4th 554, 57 Cal.Rptr.3d 197 (2007). A "Belaire-West notice" opt-out procedure involves providing potential class members with written notice advising them of the lawsuit and giving them the opportunity to opt-out if they do not want their contact information disclosed.

6

5:14-cv-01508-BLF Notice has been electronically mailed to:

Casey Jean Teele McCoy    cjtmccoy@seyfarth.com, jaguilera@seyfarth.com

Daniel Hyo-Shik Chang    dchang@diversitylaw.com, carolina@diversitylaw.com, olympia@diversitylaw.com

Dennis Sangwon Hyun    dhyun@hyunlegal.com

Jonathan Douglas Meer    jmeer@seyfarth.com, ilee@seyfarth.com

Larry W Lee    lwlee@diversitylaw.com, carolina@diversitylaw.com, dchang@diversitylaw.com, linda@diversitylaw.com, olympia@diversitylaw.com, savanna@diversitylaw.com

Maya Harel    mharel@seyfarth.com, lthixton@seyfarth.com

Nicholas Rosenthal    nrosenthal@diversitylaw.com

Sheryl Lyn Skibbe    sskibbe@seyfarth.com, eterre@seyfarth.com, jgimble@seyfarth.com, klehr@seyfarth.com

William Lucas Marder    bill@polarislawgroup.com