SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
sskibbe@seyfarth.com
Casey J.T. McCoy (SBN 229106)
cjtmccoy@seyfarth.com
Maya Harel (SBN 291990)
mharel@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:14-cv-1508 BLF<br><br>The Hon. Beth Labson Freeman<br><br>**DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DENY CLASS CERTIFICATION**<br><br>Date       : January 14, 2016<br>Time      : 9:00 a.m.<br>Crtrm.    : 3, 5th Floor<br><br><br>Complaint Filed: February 25, 2014<br>FAC Filed:        December 8, 2015 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 14, 2016 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, the Honorable Judge Beth Labson Freeman, presiding, Defendant Nike Retail Services, Inc. ("Defendant"), will and hereby does move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to deny class certification as to Plaintiff's claims.

This Motion is based upon the following:

1. Under Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure, a court must determine class certification "at an early practicable time" and a defendant may move to deny class certification before a plaintiff files a motion to certify a class. *Vinole v. Country-wide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009).

2. Plaintiff cannot meet his burden to establish all of the requirements of Rule 23(a)(3) of the Federal Rules of Civil Procedure because he cannot establish "questions of law or fact that are common to the class." The mere allegation that all class members are subject to the same policy is not enough to satisfy the requirements of commonality if the policy does not require off-the-clock work. *In re AutoZone, Inc*., 289 F.R.D. 526, 539 (N.D. Cal. 2012).

3. Plaintiff cannot meet his burden to establish all of the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure because he cannot establish that "the representative parties will fairly and adequately protect the interests of all members of the class." In seeking to represent management and non-management employees, a conflict of interest exists that precludes Plaintiff from fairly and adequately protecting the interests of all members of the potential class. *Hughes v. WinCo Foods*, 2012 WL 34483, *7 (C.D. Cal. Jan. 4, 2012).

4. Plaintiff cannot meet his burden to establish the requirements of Rule 23(b)(1) of the Federal Rules of Civil Procedure because he seeks only monetary damages, such that there is no possibility of judgments posing inconsistent standards. *Mateo v. M/S Kiso*, 805 F.Supp. 761, 772 (N.D. Cal. 1991).

5. Plaintiff cannot meet his burden to establish the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure because Plaintiff seeks only monetary damages on behalf of the putative class, and thus, the primary relief sought is not declaratory or injunctive. *Zinser v. Accufix Research Inst. Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001).

6. Plaintiff cannot meet his burden to establish the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure showing that "questions of law or fact common to the class members predominate over questions affecting only individual members." Individualized issues predominate because individualized inquiries are required to determine whether each potential class member was subject to Defendant's control during bag inspections, whether each potential class member experienced any waiting time related to bag inspections and whether that time was compensable, and whether each potential class member has already been compensated for any waiting time. Variations between stores, shifts, employees, and managers result in varying experiences for every potential class member for every instance they exited the store, and every experience would need to be considered to determine liability and damages. There is no classwide method of determining whether, how often, and for how long class members actually experienced unpaid off-the-clock time as a result of bag inspections. *Stiller v. Costco Wholesale Corp.*, 298 F.R.D. 611, 628 (S.D. Cal. 2014); *Quinlan v. Macy's Corp. Serv.*, 2013 U.S. Dist. LEXIS 164724, *13 (C.D. Cal. Aug. 22, 2013).

7. Plaintiff cannot meet his burden to establish the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure because individualized issues predominate regarding Plaintiff's theory of damages. *Comcast v. Behrand*, ___ U.S. ___, 133 S. Ct. 1426, 1432 (2013).

8. Plaintiff cannot meet his burden to establish the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure because he cannot show that a class action is "superior to other available methods of fair and efficient adjudication." Where, as here, there is a need for individualized inquiry as to liability or damages, a class action is unmanageable and, therefore, not a superior means of adjudication. *See Lou v. Ma Labratories, Inc.*, 2014 WL 68605, at *3, *4 (N.D. Cal. Jan. 8, 2014).

///

///

///

1  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of
2  Points and Authorities, the Declaration of Maya Harel, the deposition testimony of Plaintiff and
3  deposition exhibits, the deposition testimony of Jeffrey McPike and deposition exhibits, the Appendix of
4  Evidence, the pleadings and papers on file in this action, and upon such other evidence, argument, and
5  authorities as may be presented to the Court prior to or at the time of the hearing.

6  DATED:  October 20, 2015                                      Respectfully submitted,

7                                                                                 SEYFARTH SHAW LLP

9                                                                                 By:   */s/ Maya Harel*
10                                                                                       Jon D. Meer
                                                                                          Sheryl L. Skibbe
11                                                                                       Casey J.T. McCoy
                                                                                          Maya Harel
12                                                                                 Attorneys for Defendant
                                                                                    NIKE RETAIL SERVICES, INC.