# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RODRIGUEZ, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 5:14-CV-1508 BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed:    February 25, 2014 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# [PROPOSED] ORDER

Plaintiff Isaac Rodriguez's ("Plaintiff") Motion for Class Certification came on regularly for hearing before this Court on February 11, 2016.  The Court has considered the moving, opposing and reply papers and the arguments of counsel made at oral argument on this Motion.

## I.  BACKGROUND

Plaintiff filed a class-action complaint on February 25, 2014 in Santa Clara Superior Court.  On April 1, 2014, Defendant removed the matter to this Court.  On December 8, 2014, Plaintiff filed a First Amended Complaint.  The First Amended Complaint alleges causes of action for (1) violation of California Labor Code §§ 1194 and 1197 for failure to pay minimum wages; (2) violation of California Labor Code §§ 510 and 1194 for failure to pay overtime wages; and (3) violation of California Business and Professions Code § 17200 *et seq*. for unfair business practices.  All of the claims alleged in the First Amended Complaint are predicated upon Defendant's admitted practice of forcing employees to under off-the-clock security checks.

On October 20, 2015, Defendant filed its Motion to Deny Class Certification, which was originally scheduled to be heard before this current Motion for Class Certification.  Thereafter, Plaintiff requested, and this Court ordered, that Defendant's Motion to Deny Class Certification be set to be heard concurrently with this Motion for Class Certification.  *See* Doc. No. 47.

## II.  CLASS DEFINITION

On November 13, 2015, Plaintiff filed his Motion for Class Certification.  Plaintiff seeks certification of the following Class:

(a)   All current and former non-exempt retail store employees of Defendant who worked in California during the period from February 25, 2010 to the present.

## III.  CERTIFICATION REQUIREMENTS

Rule 23 of the Federal Rules of Civil Procedure authorizes class actions when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

the interests of the class." Fed. R. Civ. P. 23(a).  Additionally, the requirements of at least one subsection of Rule 23(b) must be satisfied.

**A.     Rule 23(a)**

The Court finds that the four requirements of Federal Rule of Civil Procedure 23(a) have been met.

### 1.     Numerosity and Ascertainability

The members of the proposed Classes can be ascertained from Defendants' own records and are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "'Impracticabilty' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).

"While there is no bright-line rule as to how many class members are required to be sufficiently numerous, various courts have found that the numerosity factor is satisfied if the class comprises 40 or more members and have found it not satisfied when the class comprises 21 or fewer ... plaintiffs do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346-47 (N.D. Cal. 2008).

The undisputed evidence shows that from Defendant's own records, there are at least 9,175 employees in the class.  Thus, the class is both ascertainable and sufficiently numerous.

### 2.     Commonality

There must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement "has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Indeed, "[t]he existence of even one significant issue common to the class is sufficient to warrant certification." *Californians for Disability Rights*, 249 F.R.D. at 346.

Plaintiff has identified questions of law and fact that are common to the class.  Therefore, the commonality requirement has been met.

### 3.     Typicality

1    In *Hanlon*, the Ninth Circuit held that under Rule 23(a) (3)'s permissive standards,
2    "representative claims are 'typical' if they are reasonably co-extensive with those of absent class
3    members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  It is enough if
4    named plaintiffs and class members share a "common issue of law or fact.'" *Cal. Rural Legal*
5    *Assistance v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted).

6    Plaintiff's declaration and evidence establish that his claims are typical of the class that he
7    represents.

8    **4.    Adequacy of Representation**

9    To determine whether the class representation meets the standard of Rule 23(a)(4), two
10   questions are asked: "(1) Do the representative plaintiffs and their counsel have any conflicts of
11   interest with other class members, and (2) will the representative plaintiffs and their counsel
12   prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957
13   (9th Cir. 2003) (citations omitted).

14   Plaintiff and his counsel have established through their declarations that, as
15   representatives and counsel of the class, they will fairly and adequately protect the interests of the
16   class.

17   **B.    Rule 23(b)**

18   Plaintiff seeks certification pursuant to Federal Rule of Civil Procedure 23(b)(3).  Rule
19   23(b)(3) requires two separate inquiries: (1) do issues common to the class "predominate" over
20   issues unique to individual class members, and (2) is the proposed class action "superior" to other
21   methods available for adjudicating the controversy.  *See* Fed. R. Civ. P. 23(b)(3).

22   Here, the Court finds that questions of law and fact common to the class members
23   predominate over questions affecting only individual class members.  The Court further finds that
24   certifying the Class is the superior method of adjudicating this controversy.

25   **III.   CONCLUSION**

26   Plaintiff's Motion for Class Certification is GRANTED.  The Court certifies the following
27   Class:

28

1  (a) All current and former non-exempt retail store employees of Defendant
2  who worked in California during the period from February 25, 2010 to the present.
3  The Court certifies Plaintiff's counsel and their respective firms, namely Larry W. Lee
4  and Nick Rosenthal of the Diversity Law Group, P.C. Dennis S. Hyun of Hyun Legal, APC, and
5  William L. Marder of Polaris Law Group LLP as Class Counsel.
6  The proposed class period is from February 25, 2010, through the date judgment is
7  rendered.
8  Class Counsel shall prepare a proposed form of class notice and shall meet and confer
9  with Defendants' counsel concerning the same. Any agreed upon notice shall be presented to the
10 Court for approval by _____. In the event that the parties cannot agree upon
11 the form of notice, each side shall file their proposed version for consideration by
12 _____. The Notice shall permit class members to opt-out of the class if they so
13 desire within thirty (30) days of notice having been sent.
14 Notice shall be provided to the class via U.S. Mail to the last known address reflected on
15 Defendant's records. Defendant shall cooperate with Class Counsel in preparing a computerized
16 mailing list as required.
17 IT IS SO ORDERED.
18 DATED: _____
19                                                                                HON. BETH LABSON FREEMAN
                                                                                   U.S. DISTRICT COURT JUDGE

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**