UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAAC RODRIGUEZ,<br>Plaintiff,<br>v.<br>NIKE RETAIL SERVICES, INC.,<br>Defendant. | Case No. 14-cv-01508-BLF<br><br>**ORDER OVERRULING RODRIGUEZ'S OBJECTION TO NIKE'S BILL OF COSTS** |

After granting Defendant Nike Retail Services, Inc.'s ("Nike") motion for summary judgment, the Court entered judgment in favor of Nike and against Plaintiff Isaac Rodriguez ("Rodriguez") and the class on September 12, 2017. *See* ECF 100, 101. Thereafter, Nike filed a Bill of Costs, which Rodriguez objects to on a single ground. *See* ECF 106, 107. Specifically, Rodriguez argues that the entire Cost Bill is objectionable pursuant to California Labor Code § 218.5. *See* ECF 107 ("Obj."). According to Rodriguez, Nike is entitled to its costs as the prevailing party in this suit only if the Court finds that Rodriguez brought this action in bad faith.

Nike responds that the award of costs is a procedural matter governed by federal law, and § 218.5 does not apply. *See* Reply, ECF 108. Nike therefore requests that the Clerk award costs against Rodriguez in the full amount of $19,316.00 as detailed in Nike's Bill of Costs. The Court agrees with Nike, and finds that Nike is entitled to its costs under Federal Rule of Civil Procedure 54(d). For the reasons that follow, Rodriguez's objection to Nike's bill of costs at ECF 107 is OVERRULED.

The only basis for Rodriguez's objection to Nike's Bill of Costs is that pursuant to Labor Code § 218.5, attorney's fees and costs should only be awarded to the prevailing party "if the court finds that the employee brought the court action in bad faith." Cal. Lab. Code § 218.5. Rodriguez argues that § 218.5 applies to the court's determination of whether to award costs to a

prevailing party in this diversity case, because federal courts apply the law of the forum state. *See* Obj. at 3. Rodriguez then spends his entire brief arguing that this certified class action was brought in good faith. *See* Obj. at 3-6.

For example, Rodriguez points out that the Ninth Circuit has certified two relevant legal questions to the California Supreme Court in order to determine (1) whether time spent in security inspections is compensable under California law; and (2) whether the *de minimis* doctrine applies to California Labor Code claims. *Id*. Because this Court granted Nike's motion for summary judgment based on the *de minimis* doctrine, Rodriguez argues that there can be no finding that Rodriguez brought this action in bad faith, and Nike's Bill of Costs should be stricken and denied in its entirety. *Id*. at 6.

Nike argues that § 218.5 does not apply to Nike's Bill of Costs, because the award of costs is a procedural matter and Federal Rule of Civil Procedure 54(d) applies. *See* Reply at 1. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is no dispute that Nike is the prevailing party in this action. Therefore, if Rule 54(d) applies, Nike is entitled to its costs.

The Court finds that Rule 54(d) applies here. Contrary to Rodriguez's argument, "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Several district courts have rejected Rodriguez's precise arguments regarding the applicability of § 218.5 to costs instead of Rule 54(d). *See, e.g.*, *Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079-CAS, 2015 WL 3648972, at *4 (C.D. Cal. June 10, 2015) ("the Court sees no reason to depart from the general rule…that federal law governs whether costs should be awarded."); *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1027 (N.D. Cal. 2010) ("Since the awarding of costs here is procedural, not substantive, federal law governs."). As recently as December 22, 2017, another Court in this District held that federal law governs a nearly identical dispute. *See Chavez v. Converse, Inc.*, No. 15-CV-03746 NC, 2017 WL 6620877, at *1 (N.D. Cal. Dec. 22, 2017). The Court finds these cases persuasive.

Moreover, Rodriguez relies on cases that applied § 218.5 to a prevailing party's motion for attorney's fees, not to a prevailing party's application for costs. *See Rocheleau v. Microsemi Corp., Inc.*, No. SACV1301774CJCJPRX, 2015 WL 6164846, at *1 (C.D. Cal. Aug. 3, 2015); *Johnson v. Hewlett-Packard Co.*, No. 11-17062, 2014 WL 5280490 (9th Cir. July 8, 2014). Rodriguez does not cite to any cases that apply § 218.5 to costs instead of Rule 54(d). The Court is therefore not convinced that § 218.5 applies to Nike's Bill of Costs, and the Court need not make a determination as to whether Rodriguez brought this action in bad faith.

For the foregoing reasons, the Court finds that Nike is entitled to its costs under Federal Rule of Civil Procedure 54(d), and Rodriguez's objection to Nike's Bill of Costs on the ground that § 218.5 applies is OVERRULED. Moreover, because Rodriguez does not challenge the propriety of any specific costs in Nike's Bill of Costs, Nike is entitled to its permissible costs pursuant to Rule 54(d) and Civil Local Rule 54-3. The Clerk is instructed to tax costs accordingly.

**IT IS SO ORDERED.**

Dated: January 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge

3